[No. 2369. Decided January 26, 1897.]

CHARLES LEAVITT *et al.*, *Appellants*, v. TERRY CHAM-
BERS, *Respondent.*

CERTIORARI — PROCEDURE — REPEAL OF STATUTE BY IMPLICATION.

The act of March 13, 1895 (Laws 1895, p. 114), furnishes a full and
complete mode of procedure in *certiorari* proceedings, and neces-
sarily repeals by implication prior statutes covering the same sub-
ject matter.

Under Laws 1895, p. 114, § 5, a writ of *certiorari* issued by the
clerk of the court without any order or authority from the court or
judge thereof is illegal and unwarranted, and should be quashed.

Appeal from Superior Court, Chehalis County.—
Hon. MASON IRWIN, Judge.   Reversed.

*Griffiths & Hutcheson,* for appellants.

The opinion of the court was delivered by

GORDON, J.—This appeal is from a judgment of the
superior court for Chehalis county, which reversed and
set aside a judgment in favor of the appellants Leavitt
and Maloney rendered by a justice of the peace.   The
respondent herein instituted the proceedings in the
superior court under the provisions of title 16, ch. 14,
2 Hill's Code, relating to *certiorari*.   The writ was
issued by the clerk conformably to § 1623, Code Proc.,
(Vol. 2, Hill).   Upon the return of the writ in the
lower court the appellants herein moved to quash the
writ upon the ground, among others, that it was
issued by the clerk without any order or authority
from the court or the judge thereof.   The motion to
quash was denied, and exception duly taken.

The real question for decision is, does the act ap-
proved March 13, 1895, relating to special proceedings

of a civil nature (Session Laws, 1895, p. 114), repeal § 1623 of the code, which is as follows:

"Upon complying with the provisions of the preceding section, the party applying shall be entitled to such writ, which shall be issued by the clerk as of course, and no application to the superior court, or the judge thereof, shall be necessary in the premises."

We think the question must be answered in the affirmative.

Section 6, art. 4, of the constitution of this state, relating to the jurisdiction of the superior court provides :

"Said courts and their judges shall have power to issue writs of  . . .  *certiorari*," etc.,

which evidently contemplates that the application for the writ shall be made to the court or the judge thereof, and the act of 1895, *supra*, is in harmony therewith. Section 5 of that act is as follows :

"The application must be made on affidavit by the party beneficially interested, *and the court may require a notice of the application to be given to the adverse party*, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."

In other words, the act of 1895 provides for a different mode of procedure than that contemplated by § 1623 above set out. The later act should prevail. It furnishes in itself a full, complete mode of procedure in *certiorari* proceedings; from which it follows that the prior proceedings in relation thereto are abrogated, even without words of express repeal. We think that the court erred in denying the motion to quash the writ.

Reversed.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.