39   185
f41   699

(No. 5622. Decided July 18, 1905.)

W. H. HARRIS *et al., Appellants,* v. THE CITY OF TACOMA, *Respondent.*[1]

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—APPEAL TO SUPREME COURT—NOTICE—SUFFICIENCY. A notice of appeal from a municipal assessment need not recite the names of all the appellants, but a substantial compliance with the statute is sufficient.

SAME—FILING OF TRANSCRIPT AND BOND. Upon an appeal from a municipal assessment it is not essential that the transcript and bond be filed at the same time, and the filing of the bond two days before the transcript is not ground for dismissal.

SAME—PARTIES—JOINDER OF OBJECTORS. All parties interested in objections to a municipal assessment may join in the appeal to the superior court.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered January 31, 1905, upon motion of the city, dismissing an appeal from a municipal assessment, for irregularities in perfecting the appeal. Reversed.

[1]Reported in 81 Pac. 691.

*Emmett N. Parker* and *W. H. Harris,* for appellants.

*O. G. Ellis, J. J. Anderson,* and *R. E. Evans,* for respondent.

FULLERTON, J.—The city of Tacoma improved certain of its streets, and sought to tax the costs thereof to the property benefited. Among the properties assessed for that purpose, were certain lots belonging to the appellants above named. The appellants filed written objections to the assessment roll, as returned to the city council, questioning the regularity and correctness of the assessment proceedings, in so far as it affected their property. The city council, after a hearing had thereon, overruled the objections, and passed an ordinance confirming the assessment. The appellants sought to appeal from the action of the city council, and to that end filed a written notice of appeal with the city clerk, within ten days from the passage of the ordinance confirming the assessment. Eight days later the attorney representing the appellants and the attorney for the city of Tacoma entered into a written stipulation, extending the time for filing the transcript from the city clerk's office with the clerk of the superior court from January 16, 1905, the date it would expire by the limitation in the statute, until January 23, 1905. On the same day the appellants executed their bond on appeal, and filed such bond with the stipulation in the office of the clerk of the superior court. Two days later, but within the statutory time, the transcript was filed. Three days thereafter the appellants served, on the head of the legal department of the city of Tacoma, and the city clerk, written notice of the filing of the transcript, fixing therein a time when the matter would be called up for hearing before the superior court. On the day appointed for the hearing, the city of Tacoma, by its counsel, moved to dismiss the appeal for irregularities in the proceedings relating to the appeal, and for want of jurisdiction in the superior court. This motion was granted, and an order

entered dismissing the appeal. This appeal is taken from the order of dismissal.

The statute relating to appeals from orders confirming assessments for a local improvement provides, among other things, as follows:

"Such appeal shall be made by filing written notice of appeal with the city clerk of such city within ten days after the assessment roll shall have been confirmed, as aforesaid, and such notice shall describe the property and the objections of such appellant to such assessment; and, within ten days from the filing of such notice of appeal, the appellant shall file with the clerk of the superior court of the county in which such city may be situated a copy of such notice of appeal, a transcript of the assessment roll, of the objections thereto filed by him with the city clerk, as aforesaid, the order confirming such assessment roll, and the record of the council or other legislative body with reference to said assessment, which transcript shall be furnished and certified to by the city clerk as being a true copy of the original, upon payment of the necessary fees therefor. Such fees shall be the same as the fees payable to the county clerk for the preparation and certification of transcripts on appeal to the supreme court in civil actions. At the time of the filing of the transcript on appeal, the appellant shall execute and file with the clerk of the superior court a sufficient bond with at least two sureties (provided however, that any surety company authorized by the laws of the state of Washington to become surety upon appeal bonds shall be deemed sufficient security), to be approved by the judge of said court, conditioned to prosecute such appeal without delay and, if unsuccessful, to pay all costs to which the city is put by reason of such appeal. Such bonds shall be for a penal sum of not less than two hundred dollars. Said cause shall be docketed by the clerk of such court in the name of the person taking such appeal as plaintiff and against said city as defendant as 'an appeal from assessment.' Within three days after such transcript is filed in the superior court, as aforesaid, the appellant shall give written notice to the head of the legal department of such city, and to the city clerk, that such transcript is filed." Laws 1901, pp. 241, 242.

The grounds of the motion to dismiss in the court below are, in brief, these: (1) That the notice served on the head of the legal department of the city of Tacoma, and the city clerk of that city, was insufficient because it did not recite the names of all of the appellants, either in the title or in the body of the notice; (2) that the bond on appeal from the orders and ordinance of the city council to the superior court was filed with the clerk of the superior court two days prior to the filing of the transcript on appeal; and (3) that the several appellants have improperly joined in one appeal.

It hardly seems to us that any of these objections were well taken, nor do we think they merit an extended argument. The purpose of the notice is to inform the city attorney and the city clerk of the time when the transcript is filed with the clerk of the superior court, and of the time when the appeal will be called up for hearing before that court. Doubtless it would be better if the names of all of the appellants were recited therein, but it is too much to say that the right of appeal is lost if it is not done. The notice is not jurisdictional, and a substantial compliance therewith is sufficient.

Nor is it necessary that the transcript and bond be filed at the same instant, in order to perfect the appeal, notwithstanding the statute seems to so prescribe. The purpose of the bond is to secure the city in its costs in case the appellant is unsuccessful on his appeal, and the bond is just as effectual for that purpose when filed two days before the transcript is filed as it is when both are filed at the same time.

As to the last objection, we think it was the purpose of the statute to require that all appeals from an ordinance confirming an assessment for a local improvement should be heard at the same time in the superior court, to the end that the matter should be disposed of as speedily as possible. This being so, there can be no objection to the persons who object to the assessment joining in one notice of appeal, so

long as the notice complies with the statutory requirement in stating the grounds of the several appeals.

The judgment appealed from is reversed, and the cause remanded, with instructions to reinstate the appeal.

. MOUNT, C. J., HADLEY, RUDKIN, ROOT, CROW, and DUNBAR, JJ., concur.