[No. 7481.  Decided November 13, 1908.]

ANTHONY BARRETT, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — ASSESSMENTS — CONFIRMATION—BY CITY COUNCIL—APPEAL—NOTICE.  A notice of appeal from the city council's confirmation of a local assessment is sufficient if it so particularly describes the proceedings that respondent could not have been misled by an erroneous reference to the condemnation ordinance.

SAME—TRANSCRIPT.  Notice to a city clerk of the filing of a transcript on appeal from the city council's confirmation of a local assessment is not jurisdictional, and is waived by a general appearance of the corporation counsel.

SAME—CERTIFICATION.  Objections to the  city clerk's certificate to the transcript on an appeal from an assessment to the superior court cannot be reviewed when the certificate is not brought up in the record in the supreme court.

SAME—AMENDMENT.  A defect in the city clerk's certificate to the transcript on an appeal from an assessment to the superior court may be cured by amendment.

[1]Reported in 97 Pac. 1109.

Appeal from an order of the superior court for King county, Morris, J., entered May 5, 1908, confirming an assessment for benefits by a local improvement in condemnation proceedings instituted by a city, upon an appeal from an order of the city council confirming the assessment. Reversed.

*J. L. Corrigan, George E. de Steiguer*, and *Ballinger, Ronald, Battle & Tennant*, for appellant.

*Scott Calhoun* and *James E. Bradford*, for respondent.

PER CURIAM.—The judgment in this case must be reversed on the authority of *Schuchard v. Seattle, ante* p. 41, 97 Pac. 1106, where an assessment on other property for the same improvement under the same state of facts was declared invalid, unless the court below failed to obtain jurisdiction of the appeal from the city council for certain reasons assigned by the respondent. It is contended that the notice of appeal filed with the city clerk was defective because it referred to the wrong ordinance; that no notice of the filing of the transcript in the superior court was served on the city clerk, as required by section 2, of chapter 118, of the Laws of 1901, page 242; and that the certificate of the city clerk to the transcript is defective. The notice of appeal described the proceedings appealed from with great particularity, and the respondent could not have been misled by a mere erroneous reference to the condemnation ordinance; the service of notice of the filing of the transcript on the city clerk was not jurisdictional (*Harris v. Tacoma*, 39 Wash. 185, 81 Pac. 691), and was waived by the general appearance of the corporation counsel; and the city clerk's certificate to the transcript has not been brought up in the record and we cannot judge of its sufficiency. In any event the defect might be cured by amendment.

The special objections urged by the respondent in this case are, therefore, without merit, and the judgment is reversed with directions to cancel and annul the assessment complained of.

HADLEY, C. J., and CROW, J., took no part.