[No. 8477.   Department Two.   November 20, 1909.]

THE STATE OF WASHINGTON, *on the Relation of W.C. Gibson,*
*Plaintiff,* v. MITCHELL GILLIAM *et al., as Judges of the*
*Superior Court for King County, Respondents.*[1]

GRAND JURY—DRAWING AND SUMMONING—TIME FOR SERVICE—STAT-
UTES—CONSTRUCTION.  Laws 1909, p. 133, § 5, providing that grand
jurors shall be "drawn from the jury list as hereinbefore provided"
(for the drawing of petit juries), has no application to the portions
of the preceding section requiring monthly jury terms and fixing the
time for the commencement of the term on the first Monday of the
ensuing month; hence it is within the discretion of the court to
summon a grand jury to serve on the 22d of the same month.

SAME—STATUTES—IMPLIED REPEAL.  Laws 1905, p. 270, § 4, re-
quiring the drawing of a grand jury to serve during the ensuing
three months, is impliedly repealed by Laws 1909, p. 133, a com-
plete act purporting to cover the whole subject of selecting and
summoning grand and petit jurors.

Application for a writ of prohibition filed in the supreme
court November 17, 1909, to restrain the superior court for
King county from summoning a grand jury.  Writ denied.

*Kenneth Mackintosh,* for relator.

*George F. Vanderveer,* for respondents.

PARKER, J.—By this proceeding the relator, as a tax-
payer, seeks a writ of prohibition directed against the re-
spondents, commanding them to desist from summoning a
grand jury, which it is alleged they are unlawfully proceed-
ing to do.  The facts are undisputed, the question presented
being only as to whether or not the manner in which the re-
spondents are proceeding is lawful.  The record shows the
following:

On the 13th, being the second Saturday, of November,
1909, the judges of the superior court for King county en-
tered an order directing the clerk of that court to draw from

[1]Reported in 104 Pac. 1131.

the jury boxes, as required by law, twenty-four names of persons to serve as grand jurors in said court, which was then and there done by the clerk accordingly. Whereupon the court caused a venire to be issued summoning said jurors, which was by direction of the court made returnable into court on Monday, November 22, 1909. It is not contended that there was any irregularity in any of the proceedings, other than in the fixing of the date for the return on Monday, November 22, the contention based upon this fact being that, under the law, the superior courts have no power to impanel a grand jury unless the same be ordered and drawn on the second Saturday of the calendar month preceding the month in which the jury is to serve, and that a grand jury drawn and impaneled during the same month, or impaneled prior to the first Monday of the month succeeding the drawing, would not be a legally constituted body, and thus be an unwarranted burden upon the taxpayer. Learned counsel for relator rests his contention upon the provisions of sections 4 and 5, page 133, Laws of 1909, which are as follows:

"Sec. 4. Jury terms shall commence on the first Monday in each month, unless postponed to a later date by order of the judge or judges of the superior court, but it shall not be necessary to call a jury for any month in any county unless the judge or judges of the superior court of that county shall consider that there is sufficient business to be submitted to a jury to require that one be called. When the judge or judges of the superior court of any county shall deem that the public business requires a jury term to be held, he or they shall require the county clerk to draw a jury to serve for the ensuing month. The county clerk on the second Saturday of the calendar month preceding the month on which the jury is to be called to serve, shall be blind-folded and in the presence of the judge or judges of the superior court, shall draw from the jury boxes such number of names as the judge or judges may have ordered to be summoned as jurors for the ensuing month. The names shall be drawn in equal number from each jury box, and before the drawing is made the box shall be shaken up so that the slips bearing names thereon

may be thoroughly mixed, and the drawing of the slips shall depend purely upon chance. The names of persons so drawn to serve as jurors shall be struck from the jury list by the county clerk, and they shall not be called to serve as jurors for five years thereafter, unless their services shall be necessary because there are not sufficient competent jurors to be found within the county who have not served within that time.

"Sec. 5. Whenever the judge or judges of the superior court of any county in the state shall desire to summon a grand jury, the names of persons to serve as grand jurors shall be drawn from the jury list as hereinbefore provided:
. . . .."

It is argued that section 5, by reference to the preceding provisions relating to drawing trial juries, determines not only the manner and time of drawing grand juries, but also determines the time when the grand jurors shall be summoned to appear in court and be impaneled. We are unable to agree with this contention. The language of section 5 is, *"The names of persons to serve as grand jurors shall be drawn from the jury list as hereinbefore provided."* No doubt this refers to the provisions of section 4 so far as the matter of drawing is concerned, since no other provisions of the act relate to that subject; but these words of section 5 only refer to preceding provisions of the act relating to the single matter of drawing the names of persons to serve as grand jurors from the jury list, and make no reference to the time of the appearing in court and impaneling of the grand jury. All the provisions of the act in any way bearing upon the question involved are those above quoted. We are of the opinion that the matter of time for the appearance in court and the impaneling of the grand jury is within the discretion of the superior court, since the law is silent upon that subject.

While counsel seems to rest the claims of the relator upon the construction of the above quoted law contended for, it is suggested that the provisions of the jury law of 1905 (Laws

1905, p. 270), are still in force so far as fixing the times for impaneling grand juries are concerned. It is true that section 4 of that law seemed to require the drawing on the second Saturday of the month for any grand jury which is to serve during the ensuing three months, but we are of the opinion that law is repealed by the law of 1909, above quoted from, although the latter does not by express terms repeal the former. Each of these laws is complete within itself, and purports to cover the whole subject-matter of selecting and summoning jurors both grand and petit. In such case the later law has the effect of repealing the whole of the former, even though the former may provide for some things not covered by the latter. *Mansfield v. Bank*, 5 Wash. 665, 32 Pac. 789, 999; *Leavitt v. Chambers*, 16 Wash. 353, 47 Pac. 755; *Stetson & Post Mill Co. v. Brown*, 21 Wash. 619, 59 Pac. 507, 75 Am. St. 862; *Nelson v. Nelson Bennett Co.*, 31 Wash. 116, 71 Pac. 749; 26 Am. & Eng. Ency. Law (2d ed.), 731.

We conclude that there are no facts in this record showing that the defendants are proceeding unlawfully. The writ is denied.

RUDKIN, C. J., MOUNT, DUNBAR, and CROW, JJ., concur.