[No. 9395.    Department One.    February 18, 1911.]

The State of Washington, *on the Relation of Mrs. Samuel E. Hanna, Plaintiff,* v. John F. Main, *Judge, etc., et al., Respondents.*[1]

Prohibition—Parties Entitled—Taxpayers—Objection to Grand Jury. A taxpayer is not a "person beneficially interested" within Rem. & Bal. Code, § 1028, and prohibition does not lie on his application to restrain the superior court from summoning a grand jury because of alleged error in the drawing.

Application for a writ of prohibition filed in the supreme court February 17, 1911, to restrain the superior court for King county, Main, J., from summoning and empaneling a grand jury. Denied.

*John H. Perry* and *R. W. Prigmore,* for relator.

*John F. Murphy* and *Hugh W. Caldwell,* for respondents.

Gose, J.—This is an application for an alternative writ of prohibition. The petition alleges, that the relator is a taxpayer in King county; that the respondent John F. Main, as judge of the superior court of that county, on the 14th day of February of this year, ordered a panel of grand jurors to be drawn from the jury list of that county; that eighty names

[1]Reported in 113 Pac. 632.

were so drawn by the clerk of the court; that the respondent sheriff was ordered to summon the persons drawn to appear in court on the morning of February 17, to be empaneled and instructed as a grand jury; that the order is illegal, and that unless the writ issues, the taxpayers of the county will be required to defray the expenses of that body. The relator prays that the summoning and empaneling of the jury be prohibited. The respondents have demurred to the petition upon the ground that the facts stated do not entitle the relator to any relief.

The relator relies upon Laws of 1909, p. 133, §§ 4 and 5 (Rem. & Bal. Code, §§ 103, 104). By § 4 (Id. § 103), it is provided that the names of the petit jurors shall be drawn on the second Saturday of the month, to serve for the ensuing month. Section 5 (Id., § 104), provides that, "the names of persons to serve as grand jurors shall be drawn from the jury list as hereinbefore provided." The record discloses that the names of the grand jurors were not drawn on the second Saturday of the month. The relator contends that the words of § 5, "as hereinbefore provided," mean that the grand jurors shall be drawn on the second Saturday of the month, and that, if not so drawn, the act of drawing becomes a nullity, and that any official act of the grand jury would be illegal. The respondents argue that the time of drawing is not of the substance of the law, but only directory.

Our code, Rem. & Bal. Code, § 1028, provides that the writ shall issue in proper cases "on the application of the person beneficially interested." While the point is not made by the respondents, we do not think the relator is beneficially interested within the meaning of the law. We have heretofore, in cases of this character, passed this question without consideration, because it was not suggested by the parties to the record. *State ex rel. Gibson v. Gilliam*, 56 Wash. 29, 104 Pac. 1131.

The practice of considering applications for writs of prohibition at the instance of a taxpayer only, to stay judicial

proceedings, will no longer be tolerated in this court. The orderly procedure in the administration of justice cannot be frustrated or suspended in such manner. If the relator may have a hearing as a taxpayer for alleged error in the drawing of a grand jury, it is obvious that he can, with equal propriety, apply for a writ to stay the hand of the court for every prejudicial error committed in the trial of a criminal case. There is no difference in principle between this case and one where error is alleged in the drawing or empaneling of a petit jury for the trial of criminal cases. Nor does it differ in principle from a case where error is alleged in overruling a demurrer to an information charging the commission of a felony. It is obvious that, if the right of a taxpayer to apply for a writ of prohibition against a judicial act is once conceded, the principle could be indefinitely extended and the practice would become intolerable.

Applications of this kind are not to be confounded with those where a taxpayer seeks to enjoin the commission of some illegal act of a municipal corporation or its officers. Such cases rest upon entirely different principles.

The writ is denied.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.