[No. 10067.   Department One.   June 25, 1912.]

GEORGE F. HAMMOND, *Appellant*, v. OTTO MAU, *Respondent*.[1]

APPEAL—REVIEW—HARMLESS ERROR.   A decision, based upon an erroneous ground, will be sustained if correct upon any ground.

BROKERS—CONTRACT—TERMINATION—SALE BY OWNER.   Where a broker's contract does not give him the exclusive right to sell the property, the owner is not liable for the commissions if he procures a sale himself without the agency of the broker; and it is immaterial that the broker's contract fixed a time limit within which the broker might make a sale.

Appeal from a judgment of the superior court for Pacific county, Smith, J., entered September 15, 1911, dismissing an action on contract, on sustaining an objection to the introduction of any evidence.   Affirmed.

*Welsh & Welsh* and *F. D. Couden*, for appellant.

*Edward H. Wright*, for respondent.

CHADWICK, J.—This action was begun by plaintiff to recover the sum of $1,500, alleged to be due as commissions or compensation for the breach of a contract to sell real estate. On August 1, 1910, defendant wrote the plaintiff as follows:

"George F. Hammond, Portland, Oregon.

"Dear Sir:   I have about 550 lots 50x100, situated at the north end of Long Beach, Washington, about one-half mile north of Ocean Park, and about one-half mile south of the I. R. N. R. R. depot at Nahcotta, Wn.   If you will sell these lots within the next ninety days at ten dollars a lot or five thousand dollars spot cash for the 550 lots, I hereby agree to pay you as a commission one thousand five hundred dollars.   No commission to be paid until deed is signed and money paid in full for above property."

The complaint sets out the contract, and it is further alleged that, by the terms of the contract, plaintiff was given

[1]Reported in 124 Pac. 377.

an exclusive right to conduct negotiations for the sale of the real property described for a period of ninety days. He further alleges that, within the time limited, he found a purchaser who was ready, able, and willing to comply with all the conditions of the purchase; that he thereupon informed defendant that he had found a purchaser for the property, and requested defendant to prepare and tender a deed; that defendant failed and refused to comply with or carry out the terms of the contract. Plaintiff further alleges that defendant did, wrongfully and without the knowledge or consent of the plaintiff and in violation of his agreement, sell on his own account a part of the lots described in the writing, and has since repeatedly violated the terms of his contract.

When the case was called for trial, objection was made to the introduction of any evidence, for the reason that the complaint did not state facts sufficient to constitute a cause of action. This objection was sustained, and plaintiff having refused to amend, a judgment of dismissal was entered. The grounds upon which the court sustained the motion seem to have been that the communication above set forth was in the nature of an offer merely; that the complaint did not sufficiently set forth an acceptance, and that the contract, if treated as such, was not sufficiently definite as to the description of the property to satisfy the statute of frauds. Rem. & Bal. Code, § 5289. The case is brought here upon plaintiff's appeal, and is argued upon the same lines as in the court below.

We have grave doubt as to the correctness of the grounds upon which the rulings of the trial judge were made to rest, but it does not follow that a reversal should be ordered. It has been the rule of this court that we will not look to the reasons for the judgment in cases of this character, but will consider the question an open one on appeal, and if the judgment can be put upon any sound foundation, it will be sustained. *Kane v. Dawson,* 52 Wash. 411, 100 Pac. 837.

Waiving, then, the reasons assigned below, we are satisfied that the complaint does not state facts sufficient to constitute a cause of action. Treating the letter as a contract, and assuming that the complaint alleges acceptance, it is not exclusive, nor is there any statement contained therein that will warrant the inference that it is so. The governing rule is:

"The fact that a person has employed a broker to negotiate a sale does not, in the absence of a specific contract, deprive him of the right himself to negotiate, and if he procures a sale without any agency of the broker, he is not liable to the latter for a commission." 4 Am. & Eng. Ency. Law (2d ed.), 979.

We think the complaint in this case does not stand this test. If a contract is silent as to the character of the agency, the owner is entitled to sell without making himself liable for the payment of commissions, and many cases go so far as to hold that, if the contract provide that the broker shall have an exclusive right to sell, but does not in terms inhibit the principal from selling, the contract is not violated if the principal sell to one who is not a customer of the broker. It is only where an exclusive agency is granted upon sufficient consideration, or it is plainly the intent of the parties that the agency shall be exclusive, that the principal is liable when he makes the sale on his own account. *Hunter v. Wenatchee Land Co.*, 50 Wash. 438, 97 Pac. 494. Text and sustaining authority may be found in Walker, Law of Real Estate Agency, § 13; Cross, Real Estate Brokers, pp. 100, 101, 251, 252, and 5 Cyc. 1517.

Appellant makes the point that, because a time was fixed in the contract, this makes the contract exclusive. This fact does not alter or qualify the rule, and obviously so; for if no time had been fixed, the law would imply a reasonable time, and such contracts would be exclusive for a greater or less time, with or without the time limit. We have read the authorities offered to sustain this contention, and find that

most of them fall within some recognized exception to the rule. The contract provided that it was exclusive, or the authority was coupled with an interest, or the principal had acted in bad faith. In *Blumenthal v. Bridges*, 91 Ark. 212, 120 S. W. 974, 24 L. R. A. (N. S.) 279, one of the authorities relied on, it is said that, where a time limit is fixed, "the contract implies an exclusive right to sell within the time named." The authorities cited to sustain this proposition do not bear out the conclusion of the judge writing the opinion. On the contrary, they affirm our position, for in each of them the contract was by its terms "exclusive," or "sole," or coupled with an interest. Here the only interest is the commission, and it is uniformly held that this is not an interest, rendering the power irrevocable. 1 Am. & Eng. Ency. Law (2d ed.), 1217. Mechem, Agency, § 207.

The complaint did not state a cause of action, and the judgment of the lower court was properly entered. Affirmed.

Gose, Parker, and Crow, JJ., concur.