Supreme Court—Dickinson Co. v. Reingruber.

W. M. DICKINSON COMPANY, PLAINTIFF-APPELLLANT, v. HENRY REINGRUBER AND MAY REINGRUBER, DEFENDANTS-APPELLEES.

Decided February 20, 1923.

**Contracts—Sale of ·Land—Commissions—Revocability of such Contracts—Oral Agreements.**

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-appellant, *William Abbotts, Jr.*

For the defendants-appellees, *Joseph E. Hunt.*

PER CURIAM.

The defendants, husband and wife, executed and delivered to plaintiff a writing granting to them the sole and exclusive right to sell their property for the period of six months and thereafter until given a notice of thirty days to terminate the authority thus given. The plaintiff was to list the property with all the members of the Trenton Real Estate Board, which was done, and also advertised the property in a Trenton newspaper. The defendants agreed to pay a commission if the property was sold by them, or through the instrumentality of plaintiff, or of any other person during the "term of this contract." Within the period defendants sold the property and thereupon plaintiff brought suit for commission. The defence being a revocation of the contract. The jury found for defendants and plaintiff appeals. The grounds of appeal are: (a) refusal to direct for plaintiff; (b) that court charged that it was a revocable contract; (c) refusal to charge request "the defendants had no right to terminate contract until after six months, or thereafter without thirty days' notice in writing;" (d) defendants had no right to terminate contract at any time by verbal notice. The request to direct for plaintiff was properly refused be-

cause there was proof that plaintiff had abandoned the contract by notifying defendants that they would make no further efforts to sell the property. This was denied by plaintiff and thus a jury question raised. The alleged errors in the charge and refusals to charge are all based on the holding of the court that the contract was orally revocable, relying on *Ellinger* v. *Loux,* 115 *Atl. Rep.* 384, holding that the authority given in that case was without mutuality or consideration and was simply a naked revocable power. This is an entirely different contract, for there was a consideration in that plaintiff was to list it with the Trenton Real Estate Board, and advertise it, which was done.

In addition to this the authority was exclusive, and an express promise to pay if defendants sold. We do not consider this a revocable contract until the end of the six months, and not then until thirty days' notice is given. This contract was undoubtedly made in that form to protect the plaintiff against loss for advertising of which defendants had the benefit. The charge was wrong in law and injurious to the plaintiff, and therefore the judgment should be reversed.