In 1928, the city council of Spokane, upon petition of the requisite number of property owners affected, created a local improvement district for the purpose of installing and maintaining water pipes throughout the district, and watering and improving parking spaces between the sidewalk and the curb in front of many pieces of property, as well as central parking strips located within the street lines of several of the streets.
This district was to be so maintained for a period of three years. It extended from Seventeenth avenue on the north to Twenty-seventh avenue on the south, being about ten blocks in length, some of which blocks were of very great length, and extended one irregular block on each side of Rockwood boulevard and Garfield road, and another short public way called Upper Terrace road in the northern end of the district. As shown by the map in the record, the streets and highways in the improvement district do not run in regular lines, but are curved and of different widths, which is also true of the lots and blocks of land in the district.
Upon the expiration of the three-year period under the ordinance originally establishing the improvement district, the city council, without any petition on behalf of the property owners affected, by a resolution initiated by itself, attempted to establish a local improvement district to continue the service originally inaugurated and installed, for five years. When the assessment roll for this improvement under the new ordinance *Page 66 
was prepared, objections were filed by property owners to the confirmation thereof. These objections were overruled by the city council, and the assessment roll was confirmed by ordinance.
From the confirmation of the assessment roll, a number of interested property holders appealed to the superior court. The grounds of the appeal were numerous, but, so far as is material here, the only questions to be determined on that appeal were first, whether the city council had jurisdiction to order the improvement, and second, whether the assessments were legally and equitably spread.
After a trial to the court, the trial court, among other things, found: (1) that the city council was without jurisdiction to levy the assessments and to create the assessment district for the local improvement, by reason of the fact that the improvement was initiated by resolution of the council, and the assessment district, contrary to the provisions of Rem. Comp. Stat., § 9365, includes a number of disconnected streets; (2) that the assessments were made and levied by the city council, as shown by the assessment roll, arbitrarily and upon a fundamentally wrong basis, in that every foot of property within the district was assessed at the same amount, without regard to the area of parking in front of the lot; that, in many instances, as appears from the assessment roll, a lot having an area of several thousand square feet of parking space in front of it has been assessed in the same amount as a lot having only a few hundred square feet of parking in front of it; (3) that the assessments were levied without any regard to the relative benefits sustained by the various pieces of property within the district; and (4) that the property of appellants has not been benefited to the amount assessed against such property.
Conforming to its findings, the trial court granted *Page 67 
conclusions of law and judgment in favor of appellants in that court, respondents here, to the effect that the assessments made and against their property as particularly described in the findings, conclusions and judgment, should be cancelled, annulled and held for naught.
On appeal, appellant stoutly insists that the city council had jurisdiction to initiate the improvement in question by resolution, citing several sections of our statutes, commencing with Rem. Comp. Stat., § 8966, empowering cities and towns to order the improvement of boulevards, park drives, parkways, public squares and places within such city or town, to be graded or regraded, or otherwise improved, and to order the planting, setting out, cultivating, maintaining and renewing of shade or ornamental trees and shrubbery thereon, and to order any and all work to be done which shall be necessary to complete such improvement, and to levy and collect such assessments to pay the whole or any part of the cost and expense of any such improvement. Rem. Comp. Stat., § 9422, is also cited to the effect that the powers of the city under those provisions in making improvements, by way of assessments, shall be liberally construed.
The chief argument of appellant is that the trial court erred in finding that the improvement should have been initiated under the provisions of § 9365, supra, the material portion of which reads:
"Any number of disconnected streets or disconnected groups of streets may be included in one local improvement district: Provided, however, that such improvement shall be initiated only by petition signed by the owners of sixty (60%) per cent of the lineal frontage and seventy-five (75%) per cent of the area of each of the subdistricts comprising such local improvement district." *Page 68 
 [1, 2] We are inclined to the conclusion that the trial court was in error in holding that § 9365, supra, applied to the situation in question. The streets in the local improvement district attempted to be created by the resolution of the city council are no more disconnected than any other streets composing any local improvement district for the purposes of any local improvement. All the transverse streets are connected by main streets running the length of the improvement district. Regardless of that decision of the trial court, however, under the second, third and fourth finding of the trial court, its judgment was right. It is the rule of this court that a decision, although based upon an erroneous ground, will be sustained if correct on any ground. Hammond v. Mau, 69 Wn. 204,124 P. 377, 40 L.R.A. (N.S.) 1142.
[3] An assistant city engineer testified, and it was admitted in open court by counsel for appellant, that the property was assessed on the basis of front footage, disregarding the amount of parking to be maintained in front of each tract or lot within the old improvement district, and regardless of the situation of the lot or tract. It was then admitted that the cost of the improvement and the assessment roll for the cost of maintenance was made up for a period of five years for all parking in that improvement district, including the central parking on Rockwood boulevard.
All our statutes, beginning with Laws of 1911, chapter 98, p. 441, and amendments thereto, have provided and must provide that such local improvements for whatever purpose must be based upon special benefits to the property and the property owners and must not be arbitrarily assessed and spread.
In In re Grandview, 118 Wn. 464, 203 P. 988, an action to annul an assessment roll, we affirmed the judgment of the trial court annulling it, saying: *Page 69 
"The rule is that the action of the city council in determining the amount of the assessment is conclusive, unless it is shown that the council acted arbitrarily, or proceeded upon a fundamentally wrong basis. Moore v. Spokane, 88 Wn. 203,152 P. 999. Notwithstanding the fact that this improvement has diffused benefits generally throughout the municipality, that of itself is not sufficient, of course, to sustain this arbitrary assessment which has proceeded upon a wrong basis and in direct opposition to the wise and essential requirements of the statutes. `Taxation by special assessment is defensible only upon the theory of corresponding special benefits to the property assessed.' [Citing constitution and cases.]"
On the record in this case there can be no doubt that the city council acted arbitrarily and upon a fundamentally wrong basis. In that respect, the findings, conclusions and judgment of the trial court were correct, and the special assessments must be cancelled and annulled.
[4] Another claim of error by appellant is that, in the judgment herein, it was ordered that the assessments against the property of one Brazeau, described as lot 10, block 13, Manito Park's 2nd Addition to Spokane, be cancelled. It is asserted that, in the notice of appeal from the order of the council to the lower court confirming the assessment roll, Brazeau signed as being the owner of lots 12 and 13, of block 12, of that addition. The first described property was assessed, and the second described property, which was described in the notice of appeal, was not assessed. The lower court permitted the notice of appeal from the city council to be amended.
The record shows that evidence was introduced showing the correct description of Brazeau's property and received without objection. The rule is that the notice of appeal is sufficient if it so described the *Page 70 
proceedings that the opposing party could not have been misled by the error. Barrett v. Seattle, 51 Wn. 47, 97 P. 1109. The case of Goetter v. Colville, 82 Wn. 305, 144 P. 30, is inapt.
[5] The last contention of appellant is that the notice of appeal to the superior court was not signed by all the owners of the property who were given relief by the judgment of the lower court. We held in Harris v. Tacoma, 39 Wn. 185, 81 P. 691, that a notice of appeal from a municipal assessment need not recite the names of all the appellants, but a substantial compliance with the statute is sufficient. Therefore, this contention cannot be sustained.
The judgment is affirmed, without prejudice to appellant to proceed to reassess the property within the improvement district, according to special benefits.
TOLMAN, C.J., BEALS, MAIN, and MILLARD, JJ., concur. *Page 71