[No. 26287. Department One. January 5, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Spokane and Eastern Branch of the Seattle First National Bank, Respondent,* v. THE JUSTICE COURT FOR SPOKANE PRECINCT, *Frank Yuse, Justice of the Peace, Appellant.*[1]

*Chas. W. Gillespie,* for appellant.

*Graves, Kizer & Graves,* for respondent.

STEINERT, J.—This is an appeal from a judgment of the superior court reversing an order made by a justice of the peace in a garnishment proceeding.

[1] Reported in 63 P. (2d) 937.

January 29, 1936, Merchants Rating and Adjustment Company, as plaintiff, obtained a judgment in the justice court against Norman Henshaw, as defendant, in the sum of $87.50 and costs amounting to $11.40. A writ of execution was issued and returned unsatisfied. The plaintiff then procured a summons in garnishment in aid of execution, which was signed by a constable, directing Spokane and Eastern Trust Company, the respondent bank, as garnishee, to appear in the justice court on a day named, then and there to be examined under oath concerning what property the bank had belonging to, and what debts it owed, the defendant and judgment debtor in that action, and further commanding the respondent not to pay or transfer any money or property to the defendant until the further order of the justice court.

The garnishee bank appeared in the justice court in response to the summons and moved that the process be quashed and that all proceedings taken thereunder against the bank be dismissed. The motion was denied. In due course and time, the bank sought and obtained from the superior court a writ of review directing that a transcript of the record and proceedings in the justice court be certified to the superior court.

Upon the return to the writ, a hearing was had, and, from the facts then admitted and found, the superior court concluded that the action of the justice with relation to the summons in garnishment was unauthorized, and that the justice court had erred in refusing to grant the respondent's motion to quash. Judgment was accordingly entered reversing the order of the justice court and directing that the summons and garnishment be quashed and all proceedings thereunder dismissed. From that judgment, this appeal was taken.

It is conceded, and the superior court found, that the

summons in garnishment in aid of execution and the proceedings thereunder were invoked and conducted under the provisions of Rem. Rev. Stat., § 1886 [P. C. § 9525], which reads as follows:

"If there be no property found, or if the goods and chattels levied on be not sufficient to satisfy such execution, the officer [sheriff or constable] shall, on demand of the plaintiff, summon, in writing, as garnishees, such persons as may be named to [him by] the plaintiff or his agent, to appear before the justice on the return day of the execution, to answer such interrogatories as may be put to them, touching their liabilities as garnishees, and the like proceedings shall be had thereon before the justice to final judgment as in the proceedings by attachment."

The language contained within the brackets above does not appear in the statute as passed by the legislature.

The question presented to us for determination is whether § 1886 [P. C. § 9525] is a valid and subsisting law. The contention of the respondent has been, and is, that it is neither subsisting nor valid, (1) because it was impliedly repealed by the garnishment act relating to justice courts, and (2) because it is, in any event, unconstitutional, in that it provides for a proceeding supplemental to execution, which is of equitable cognizance and, therefore, trenches upon the jurisdiction of the superior court in such cases.

If either of these theories be correct, the judgment of the superior court must be affirmed, because it is the rule in cases triable *de novo* that, if the decision of the trial court can soundly rest on any ground, it must be sustained. *Rohlinger v. Coletta Land & Orchard Co.*, 64 Wash. 348, 116 Pac. 1095; *Hammond v. Mau*, 69 Wash. 204, 124 Pac. 377, 40 L. R. A. 1142; *Shafer v. United States Casualty Co.*, 90 Wash. 687, 156 Pac. 861; *Horton Inv. Co. v. Seattle*, 94 Wash. 556,

162 Pac. 989; *In re Rockwood Boulevard,* 170 Wash. 64, 15 P. (2d) 652.

Rem. Rev. Stat. § 1886 [P. C. § 9525], above quoted, has always, from the time of its original enactment in 1854 down to the present, been a part of the chapter on executions and proceedings thereon in justice court, and not a section under garnishment therein. Cf. Laws of 1854, p. 241, § 105; Laws of 1863, p. 354, § 86; Code of 1881, § 1805; 2 Hill's Code, § 1554; Rem. Rev. Stat., title 12, chapter 10, §§ 1867 to 1889 [P. C. §§ 9506 to 9528], inclusive. The provisions relating to writs of garnishment by justices of the peace are contained in Rem. Rev. Stat., title 12, chapter 6, §§ 1823 to 1846 [P. C. §§ 9530 to 9553], inclusive, appearing originally in chapter 160, Laws of 1909, p. 607, and amended by chapter 126, Laws of 1911, p. 637 and chapter 109, Laws of 1931, p. 323.

We shall now consider the effect of the garnishment act upon § 1886 [P. C. § 9525].

█ It is a settled rule that repeals by implication, although not ordinarily favored in law, are nevertheless effective when it appears that a legislative act is intended to cover the entire field of legislation upon a particular subject, or that subsequent legislation is contrary to, and inconsistent with, a former act. The rule is comprehended in two contrastive principles expressed as follows in Ruling Case Law:

"Where a statute covers the whole subject matter of an earlier act, and it is evident that it was intended to be a revision of, or substitute for, the earlier act, although it contains no express words to that effect, it operates as a repeal of the earlier act to the extent that its provisions are revised and supplied." 25 R. C. L. 915, § 167.

"Except when an act covers the entire subject matter of earlier legislation, is complete in itself and is evidently intended to supersede the prior legislation on

the subject, it does not by implication repeal an earlier act on the same subject unless the two acts are so clearly inconsistent and repugnant that they cannot, by a fair and reasonable construction, be reconciled and effect given to both." 25 R. C. L. 920, § 170.

The rule above stated has been adopted and applied in many of our decisions. *Leavitt v. Chambers,* 16 Wash. 353, 47 Pac. 755; *Bradley Engineering & Machinery Co. v. Muzzy,* 54 Wash. 227, 103 Pac. 37, 18 Ann. Cas. 1072; *State v. Hewitt Land Co.,* 74 Wash. 573, 134 Pac. 474; *State v. George,* 84 Wash. 113, 146 Pac. 378; *State ex rel. Ferguson v. Superior Court,* 140 Wash. 636, 250 Pac. 66; *State ex rel. McCoske v. Kinnear,* 145 Wash. 686, 261 Pac. 795; *Paine v. State,* 156 Wash. 31, 286 Pac. 89.

Now, while it cannot be said that the act relating to garnishments in justice courts was intended to cover the entire field occupied by the act relating to executions issuing from those courts, it can be said with assurance that the garnishment act forms a complete and comprehensive code covering, by inclusion, the subject involved in § 1886 [P. C. § 9525].

Both the garnishment act and § 1886 [P. C. § 9525] provide for the relief of creditors having judgments wholly or partially unsatisfied. The process in each, after judgment, runs to third persons in whose possession the judgment creditor has reason to believe that assets belonging to the judgment debtor may be found. In each case, the party garnished is, or may be, required to disclose under oath his liabilities to the judgment debtor. Whatever may be accomplished under § 1886 is equally attainable under the garnishment act. The blanket spread by the later act completely envelops the earlier.

We shall next consider the two topics of legislation from the standpoint of contrast. When they are

so considered, it is our opinion that, in their respective requirements and methods of procedure, they are so inconsistent with, and repugnant to, each other that, if § 1886 be regarded as subsisting, it will render the garnishment act wholly useless and destroy certain well-defined rights which the legislature clearly intended to confer and protect.

Rem. Rev. Stat., § 1824 [P. C. § 9531], which is a part of the garnishment law, requires, as a prerequisite to the issuance of the writ, that the plaintiff shall make affidavit to the effect, among other things, that the garnishment is not sued out to injure either the defendant or the garnishee, and shall deposit with the justice the sum of two dollars for each garnishee defendant named in the writ. Section 1886 [P. C. § 9525], on the other hand, contains neither of these provisions.

Rem. Rev. Stat., §§ 1825, 1826, and 1830 [P. C. §§ 9532, 9533, 9537], all of which are parts of the garnishment law, require the garnishee to hold only such assets of the debtor as were in the garnishee's possession at the time of the service of the writ. Section 1886 fixes no such restrictive date of liability but, by implication at least, relates to the date of the garnishee's answer upon interrogatories in court.

Rem. Rev. Stat., § 1827 [P. C. § 9534], which is a part of the garnishment act, requires that the writ be signed by the justice of the peace and that there be endorsed thereon the name and office address of the attorney for the plaintiff or, if none, the name and address of the plaintiff himself. Section 1886 permits the constable, on demand of the plaintiff, to summon the garnishee, without any other formality.

By Rem. Rev. Stat., § 1829 [P. C. § 9536], found in the garnishment act, if the writ be directed to a bank, the plaintiff must accompany the service of the writ

with a written statement giving the residence, business, occupation, trade or profession of the defendant. Section 1886 has no such provision.

Rem. Rev. Stat., § 1843 [P. C. § 9550], included in the garnishment act, permits a garnishee to recover his costs and a reasonable attorney's fee in the event that the controversion of his answer proves unsuccessful. Section 1886 does not permit such recovery.

Other points of vital difference between the two enactments might be shown, but those already stated are sufficient to establish the inconsistency and repugnacy existing between them, and to convince one that to uphold the earlier act is to emasculate the later. We are impelled to conclude that § 1886 has been impliedly repealed by the garnishment act.

This conclusion removes both occasion and opportunity for passing on respondent's second contention.

Inasmuch as appellant did not comply with the prerequisites of the garnishment act, the judgment of the trial court is affirmed.

MILLARD, C. J., MAIN, GERAGHTY, and BLAKE, JJ., concur.