ESSEX COUNTY CIRCUIT COURT.

MICHAEL I. SIENTZ, PLAINTIFF, v. SPOTTISWOODE-CUSACK CO., A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided October 15, 1943.

For the plaintiff, *Abraham M. Herman.*

For the defendant, *Howe & Davis (Edward L. Davis),*

CAFFREY, C. C. J. This matter came to the court by way of a written stipulation supplemented by statements in open court which were to be deemed part of the stipulation. The suit was by a realtor against the defendant upon the following contract:

"Exclusive Contract, M. I. Sientz, 360 Main Street, East Orange, N. J., September 8, 1942.

"In consideration of your listing and undertaking to sell the property herein described, the undersigned hereby authorizes you to sell said property at the price and upon the terms set forth, or at any other price or terms the undersigned may agree to accept therefor, and upon your procuring a purchaser agrees to pay you a commission of 5% of the purchase price.

"Your authority hereunder shall be sole and exclusive for the period of six months from the date hereof, and shall not

terminate at the expiration of said period unless you are notified in writing to that effect.

"Your commission shall also be considered earned in the event said property is sold, contracted to be sold, by any one before the termination of your exclusive authority hereunder."

After the reading of this contract the following colloquy between court and counsel occurred:

"Mr. Herman: That is right, and the price listed is $35,000.

"The court: You are trying it under the theory that it is an exclusive agency?

"Mr. Herman: That is right, sir, under the second paragraph there where it states, 'Your commission shall also be considered earned in the event said property is sold, contracted to be sold, by anyone before determination of your exclusive authority hereunder.'"

The written stipulation was presented subject to a ruling by the court as to the relevency of the reference to J. Fred Berstecher, an attorney of the firm of Howe & Davis, counsel for the defendant. It was agreed that Mr. Berstecher would testify that the grantees in the deed from the defendant to Louise Lindsley et al., dated February 2d, 1943, and recorded in Book U–100, page 516, had been threatening to foreclose the mortgages on the property covered by said deed. I hold that this evidence would be and is relevant as forming part of the *res gestæ*. *Hunter* v. *State,* 40 *N. J. L.* 495.

There is nothing in the stipulations that would suggest that the plaintiff listed the property or performed any undertaking to sell the property which is mentioned as a consideration for the right to sell and collect commissions. I take it this was an oversight on the part of counsel.

Considering it as a fact established that the defendant corporation did convey to the mortgagee the property in question for the purpose of considering the controverted issue in this case, I am finding in favor of the defendant.

The plaintiff is a realtor and the contract upon which he sues is in the usual form used by realtors. It will be read by me in the light of the language of Professor Williston on Contracts, revised edition, section 660:

"It is sometimes asserted that usage must be general in order to be effectual; but even custom, as distinguished from usage, might be local, and still binding; and it seems clear that usage likewise may be. The real question where usage is concerned is whether the parties contract with reference thereto. This will depend not merely on actually expressed assent to the adoption of the usage but on the justifiable belief of each party that the other was adopting it. A habit of business confined to the two parties to a contract may by implication be adopted as an unexpressed part of it * * *."

Section 661: "* * * A person entering into a contract in the ordinary course of business is presumed to have done so in reference to any existing general usage or custom relating to such business. And this is so whether he knew of the custom or not."

Mr. Justice Heher in *Zurich, &c., Co., Ltd., v. American Mutual, &c., Co.,* 118 *N. J. L.* 317 (at *p.* 320); 192 *Atl. Rep.* 387 (at *p.* 388), in facts wholly dissimilar, gave recognition to this principle in the following language:

"While the intention of the parties to an integrated contract is the objective of judicial exposition, it is not the real intent but that expressed or apparent in the writing that controls. * * * the standard of interpretation of an integrated agreement is 'the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the writing, other than oral statements by the parties of what they intended it to mean.'" Quoting *Corn Exchange National Bank and Trust Co.* v. *Taubel,* 113 *N. J. L.* 605; 175 *Atl. Rep.* 55.

It seems to me that from the nature of the contract the parties contemplated a binding obligation on the part of the defendant to pay commissions would only arise in the usual and ordinary sale or contract to sell of real property. I do not believe the defendant obligated itself to pay commissions to the broker in the event that the property would be conveyed to the mortgagee to avoid the consequence of a foreclosure.

Furthermore, in the light of the statement by counsel for the plaintiff that this was a contract classified as an exclusive agency, the case of *Ettinger* v. *Loux,* 96 *N. J. L.* 522; 115 *Atl.. Rep.* 384, might be pertinent.

However, I am resting my determination on the theory that a transfer of property by deed by the defendant to its mortgagee was not such a sale as contemplated by the parties as would justify the collection of commissions from the defendant.