[No. 31617. Department Two. August 9, 1951.]

ALBERT E. GELLING et al., *Appellants*, v. GOLDEN ARROW FARMS et al., *Respondents*.[1]

[1]Reported in 234 P. (2d) 539.

*Bayley, Fite, Westberg & Goodin,* for appellants.

*Gordon H. Sweany* and *Carl P. Zapp,* for respondents.

GRADY, J.—This action was originally instituted against the respondents. Pursuant to a stipulation, the court made an order dismissing the action against Golden Arrow Farms and making Daniel Sloan and wife parties defendant. It was made to appear that William Dunn and Daniel Sloan were partners and owned and operated a milk delivery business. Albert E. Gelling will be referred to as though he were the only appellant, and William Dunn and Daniel Sloan will be referred to as respondents.

The purpose of the action was to recover damages sustained by appellant arising out of a collision between an automobile being driven by him and an oil tanker truck on a public highway. The principal act of negligence charged against respondents was that the driver of one of their milk trucks stopped the truck on the highway in order to make a delivery of milk; that appellant was driving his automobile following the milk truck, and in his attempt to stop to avoid contact with the truck, the automobile skidded on the icy pavement and was hit by a truck coming from the opposite direction. At the close of appellant's case, the court granted a motion for a nonsuit.

The factual situation, viewed in a light favorable to appellant, discloses that during the early morning (approximately 7:30) of January 3, 1949, appellant was driving his automobile in a northerly direction through the incorporated town of Tukwila. The headlights on the car were burning.

Visibility was described as being "hazy," and it was between daylight and darkness. The pavement was icy in patches. Two automobiles were ahead of appellant.

The driver of one of respondent's milk trucks traveling in the same direction stopped the truck and left it standing on the pavement while making a milk delivery across the highway. The pavement was twenty feet in width. On the right side of the pavement was a seven-foot shoulder of the highway. Approximately five hundred feet to the south of the standing truck there was a curve in the highway. Along this section of the highway, it is sparsely settled. The limited business part of the town was some distance further north.

The three automobiles were driven around the curve. The appellant was about one hundred feet behind the one immediately ahead of him. The drivers of the two leading automobiles slowed down when they saw the milk truck, and succeeded in getting onto the right shoulder of the highway. Appellant observed the presence of the milk truck standing on the highway by means of the headlights of the automobile ahead of him. When he was about one hundred fifty feet from the truck, he applied the brakes preparatory to driving onto the shoulder of the highway. Due to the icy condition of the pavement, his automobile skidded, turned partly around and to the left side of the pavement. About the time he observed the milk truck, he saw the headlights of an oil tanker coming from the opposite direction. When appellant's automobile skidded to the left side of the road, it was struck by the oil tanker.

An illustrative map was introduced in evidence, from which witnesses testified as to the position of the automobiles and trucks; also, several photographs were submitted showing the highway and the approach from each direction to the place of the accident. Estimated speeds and distances were given by appellant and witnesses called by him.

The trial judge, in ruling upon the motion for nonsuit, stated:

"I will say this, in order to make it clear: The Court sustains the challenge interposed by the defendants at the close of the plaintiff's case on the ground that Remington's Re-

vised Statutes, Section 6360-110, captioned, 'Parking or Standing on Traveled Way Unlawful. Exceptions.' and provided that,

" 'It shall be unlawful for any person to stop, park or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any public highway outside incorporated cities and towns—'

and so forth, expressly excludes incorporated cities and towns from its provisions; that there is no other law or rule or ordinance of the City of Tukwila which makes it unlawful to park on the main traveled portion of the highway, and since that is the only act of negligence relied upon by the plaintiffs and the evidence adduced on behalf of the plaintiffs shows no other act of negligence on the part of the defendant, the Court sustains the challenge because the evidence shows that the defendant in parking where he did was only doing what he had a lawful right to do. The motion to dismiss will be granted."

In addition to the asserted absence of primary negligence of respondents, the motion for nonsuit was further based upon a claim of contributory negligence of appellant. On this branch of the case, the trial judge stated: "Well, that would be a question of fact. I don't think you need take any time on that." The respondents have not taken any cross-appeal from this ruling of the court, and hence its correctness is not subject to review.

We have adopted the rule that we will not review any order or ruling made by the trial court unless the appeal is presented by the party aggrieved, and if such appeal be not taken, the order or ruling becomes the law of the case. *Winningham v. Philbrick,* 56 Wash. 38, 105 Pac. 144; *Augerson v. Seattle Electric Co.,* 73 Wash. 529, 132 Pac. 222; *Bulette v. Bremerton,* 34 Wn. (2d) 834, 210 P. (2d) 408.

This rule, however, must not be confused with the one that, in cases triable *de novo,* if the decision of the trial court can soundly rest on any ground it must be sustained. *State ex rel. Spokane etc. Branch v. Justice Court,* 189 Wash. 87, 63 P. (2d) 937; *In re Kessler's Estate,* 35 Wn. (2d) 156, 211 P. (2d) 496.

However, in view of the new trial that is being awarded, we deem it proper to say that we are in entire accord with the view taken by the court.

Our examination of the amended complaint indicates to us that appellant did not base his cause of action upon the violation of any statute or ordinance making it unlawful to stand or park a motor vehicle on the highway passing through the incorporated town of Tukwila. The amended. complaint charges respondents with negligence in stopping their truck upon the highway and leaving it unattended when there was sufficient room on the adjacent shoulder of the highway onto which it could have been driven and left. Other acts alleged to constitute negligence are set forth in the amended complaint, but in view of the single question before us we do not deem it necessary to discuss them. The statement of facts does not show whether they were discussed when the motion was argued, or that the court made any ruling upon them. The evidence submitted by appellant in support of the theory advanced by the amended complaint was directed to common-law rather than statutory negligence.

In view of the allegations of the amended complaint and the evidence adduced in support thereof, the motion for a nonsuit should have been presented to the court in the light of common-law principles, independent of statute or ordinance. The record indicates the court was not favored by any discussion of such theory.

Respondents concede in their brief that, under certain circumstances, it may be negligence to park a vehicle upon a highway, even though such parking is not prohibited by a state statute or city ordinance, and with this we are in accord. The general rule is that, in the absence of legislative inhibition, the driver of a motor vehicle may lawfully stop it on a public highway temporarily for a legitimate or necessary purpose. Such an act is an incident to the right to use the highway for travel and is not, in and of itself, one of negligence, even though the vehicle be unattended. 60 C. J. S. 767, Motor Vehicles, § 329; 2 Blashfield Cyclopedia of Automobile Law and Practice, 320, § 1191.

This rule, however, is not unqualified. The driver of the vehicle is bound to exercise reasonable and ordinary care so that its presence will not constitute a source of danger to other users of the highway. He must anticipate the approach of other vehicles from the rear of the parked vehicle, and if the highway is of sufficient width, ordinary care may require the driver to park it off the pavement. 60 C. J. S. 768, Motor Vehicles, §§ 329 (b) and 330.

The foregoing principles were given expression by this court in *Graham v. Roderick,* 32 Wn. (2d) 427, 202 P. (2d) 253, when we stated:

"Where no statute is applicable, resort must be had to the common-law principles of negligence. . . .

"The care required of the operator of an automobile, aside from special duties imposed by statute or ordinance, is ordinary or reasonable care under the existing circumstances, and mere compliance with all statutory requirements does not of itself absolve a motorist from negligence.

"The extent of caution necessary to be taken in the exercise of ordinary care varies according to the circumstances of each case and the character of the danger to be avoided. [Cases cited.]

"While the relative rights and duties of drivers of vehicles upon streets and highways are, in general, equal and reciprocal, except where otherwise fixed by positive law, such drivers are under obligation to act with due regard to the rights of others, and is charged with the knowledge that others may be using the street. In considering whether a particular motorist used reasonable care, his conduct as a whole must be considered. [Text authorities cited.]"

When consideration is given to such factors as condition of darkness, the curvature of the highway, its icy condition, the opportunity of an oncoming motorist to become aware of the presence of the truck parked on the highway, and the available space to park the truck off the pavement, it appears to us that whether the driver of respondents' truck was negligent and such was a proximate cause of the accident were questions for the jury to determine, and that it could not be said at the close of appellant's case that reasonable minds could not differ as to whether the driver of the truck exercised reasonable or ordinary care in parking

his truck on the paved portion of the highway under the existing circumstances.

The judgment is reversed, and the case remanded for a new trial.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.

ON PETITION FOR REHEARING

[Department Two.   October 18, 1951.]

GRADY, J.—Attention has been called to an error in the foregoing opinion in which we held a cross-appeal was necessary in order that respondents might urge, in support of the judgment dismissing the action, that the appellants were guilty of contributory negligence.

We have given consideration to the argument of respondents on that question and are in accord with the view of the trial court that it could not be said as a matter of law that the existence of such negligence had been established. This conclusion makes all that we said in the opinion upon the question of appeal unnecessary in our review of the judgment, and it may be disregarded.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.

October 19, 1951.   Petition for rehearing denied.