SMITH B. BUNTAIN, Plaintiff in Error, *v.* JOHN MOSGROVE *et al.*, Defendants in Error.

### ERROR TO PIATT.

A court in granting a new trial may impose terms, the most usual being the payment of costs.

This is a condition precedent, and if the costs are not paid, the court may vacate the order granting a new trial.

THE facts of this case are stated in the opinion.

JOHN SCHOLFIELD, for Plaintiff in Error.

W. E. LODGE, for Defendant in Error.

BREESE, J. This was an action of assumpsit by the plaintiff in error against the defendants in error.

At the March term of 1859, of Piatt Circuit Court, judgment therein was rendered in favor of the defendants. At the same term the court made the following order in the cause:

" And the court, being fully advised in the premises, orders that a new trial be granted herein, upon the plaintiff paying all costs heretofore made in this cause. It is therefore ordered that the defendants recover of the plaintiffs their costs in this behalf expended, and that they have execution therefor."

At the September term, A. D. 1859, of the court, the following order was made: " And now on this day came the parties, by their attorneys, and it appearing to the court that the plaintiff has failed to pay the costs herein, it is therefore ordered by the court, that the order for a new trial heretofore made herein, be vacated; whereupon judgment is rendered by the court upon the verdict of the jury in this cause," etc.

Error assigned: the court erred in vacating the order for a new trial.

It cannot be denied that a court, in granting a new trial, may impose terms, the most usual of which are the payment of the costs. This is a condition precedent to be performed before a new trial can be had, and if not performed, the power of the court to vacate the order, and enter a judgment on the verdict, cannot, we think, be questioned. It is the universal practice, and is removed from the objection made by the counsel for the plaintiff in error. The fact that an execution for the costs was awarded, is not a compliance with the condition. It is not a payment. An execution levied on personal property, sufficient to satisfy the costs, might be equivalent to payment. The judgment, vacating the order for a new trial, must be affirmed.

*Judgment affirmed.*