HEARD NOVEMBER TERM, 1879.

CASE No. 776.

HEWLETT SULLIVAN v. A. M. SPEIGHTS ET AL.

1. A failure to furnish the presiding judge with a copy of exceptions within ten days after the rising of the court at which judgment was rendered, operates as a waiver of the appeal. *Rogers* v. *Nash, ante p.* 559, approved.
2. The time within which the exceptions must be furnished to the presiding judge is not enlarged in cases where they are sent by mail.
3. The provision of Section 427 of the code is intended for the benefit of the party *upon* whom the service is made.

Motion to dismiss the appeal.

This was an action upon a bond, tried before FRASER, J., and a jury, at Greenville, April, 1879. Thirteen days after the rising of the court, the appellants mailed to the address of the presiding judge a copy of their exceptions.

*Mr. C. G. Wells,* for motion.

*Messrs. Stokes & Featherston, contra.*

December 11th, 1879.  The opinion was delivered

PER CURIAM.  This is a motion to dismiss the appeal upon the ground that the exceptions were not furnished to the presiding judge within the time prescribed by law.

It appears from the motion papers, and the fact does not seem to be controverted, that no exceptions were furnished to the pre-

2 N

siding judge until after the expiration of ten days from the rising of the court at which the case was tried; and the only question is as to the proper construction of the act entitled "An act to alter and amend the law in relation to appeals from the Circuit Court to the Supreme Court," approved December 19th, 1878. 16 *Stat.* 698.

This question has been disposed of by the decision rendered in the case of *Rogers* v. *Nash,* in which it was held that a failure to furnish the presiding judge with a copy of the exceptions within ten days after the rising of the court at which the case was tried, operated as a waiver of the appeal.

It was argued, however, that the service of the exceptions in this case was made by mail, and that by Section 427 of the code, when that mode of service is adopted, the time is enlarged to double the time required in cases of personal service. A sufficient answer to this is, that the act of December 19th, 1878, does not purport to be an amendment of the code, and, therefore, that provision of the code cannot be regarded as affecting the provisions of the act now under consideration. In addition to this, however, we may say that the provision of the code by which the time is doubled in case of service by mail, is intended for the benefit of the party *upon* whom the service is made, and not for the benefit of the party *making* the service. For while there is good reason for extending the time within which any act is to be done by a party who has been served by mail after such service, there is no reason for such extension in favor of one who adopts that mode of serving another, inasmuch as the service is complete from the time the paper to be served is deposited in the post-office, addressed to the person upon whom it is to be served, at the place of his residence, with the postage paid. *Code,* § 426.

The motion to dismiss the appeal is granted.

Motion granted.