[No. 2183.   Decided April 8, 1896.]

CHARLES LANGERT, *Appellant,* v. THOMAS DAVID *et al.,*
*Respondents.*

APPEAL — FRAUDULENT CONVEYANCE — ASSIGNMENT OF JUDGMENT BY
CLIENT TO ATTORNEY.

Without an appeal a party will not be heard in an appellate
court to question the correctness of the judgment of the trial court.

The fact that an attorney, in order to secure a debt of his client
to himself, takes an assignment of a judgment with knowledge that
his client is insolvent and had agreed to pay another creditor out
of the proceeds thereof, does not constitute a fraudulent conveyance,
although the amount of the judgment is greater than the debt for
which it has been assigned.

Appeal from Superior Court, Pierce County.— Hon.
JOHN C. STALLCUP, Judge.   Affirmed.

*F. A. Huffer* (*Sharpstein & Blattner,* of counsel), for
appellant.

*W. W. Likens,* for respondents.

The opinion of the court was delivered by

GORDON, J.—On the 9th day of August, 1893, the
appellant obtained a judgment in the superior court
of Pierce county, against the respondent David for
the sum of $1,019.55. This judgment was entered
upon confession of the defendant therein, and repre-
sented an indebtedness arising from the sale of mer-
chandise to the respondent David, by appellant.
Thereafter said respondent commenced an action
against the Oakland Home Insurance Company to re-
cover upon a policy of insurance issued to him. In
said action he employed the respondent Likens as his
attorney, agreeing to pay him for his services therein
the sum of $625. A trial in said last mentioned ac-

tion resulted in a verdict and judgment in favor of said respondent David, which judgment was affirmed in this court on February 14, 1895. On the 4th day of March, 1895, respondent David made an assignment of said judgment to the respondent Likens. This action was instituted by appellant to set aside said assignment and to subject the money due from said insurance company on said judgment to the payment of appellant's judgment against respondent David. The lower court decreed that the assignment should be canceled to the extent of the amount of the judgment in excess of the sum of $898, with interest from April 24, 1895, and awarding the balance of the judgment to appellant. The appellant, deeming himself aggrieved by the findings and decree of the court, has appealed therefrom.

The fourth and fifth findings of the court are as follows:

"That on the 4th day of March, 1895, the defendant, Thomas David, was insolvent, which fact was well known to the defendant, W. W. Likens, and on said day the said defendant, Thomas David, assigned and transferred said judgment, by an assignment absolute on its face, to the said defendant, W. W. Likens."

"That the consideration for said transfer was represented by the promissory note of the defendant, W. W. Likens, for the sum of $1,250.00, payable to the defendant, Thomas David or order and due thirty days after said date on which prior to the delivery thereof to said David was endorsed in part payment thereof, the sum of $625.00, as attorneys fees earned by said defendant Likens in the cause in which said judgment was rendered and the sum of $400.00 for moneys advanced from time to time by said defendant, Likens, to said defendant, David, prior to said 4th day of March, 1895."

To this latter finding the appellant excepted, but

we are satisfied that it is fully sustained by the evidence. The appellant also proposed the following finding in lieu of finding No. 5:

"That on the 4th day of March, 1895, and for some time prior thereto, the defendant, W. W. Likens, well knew that plaintiff had a judgment against the defendant, Thomas David, for the sum of one thousand nineteen and 55–100 ($1,019.55) dollars and costs as aforesaid, and that said judgment was, on said date, wholly unsatisfied, and well knew that defendant, Thomas David, had promised to pay plaintiff's said judgment out of the moneys to be paid defendant, Thomas David, by defendant, Oakland Home Insurance Company, on the judgment of said David against said Oakland Home Insurance Company, and on said 4th day of March, 1895, defendant, Likens, caused defendant, David, to execute and deliver to him, said Likens, an absolute assignment of said judgment in consideration of the sum of one thousand two hundred and fifty dollars ($1,250), which consideration was represented by the promissory note of defendant, Likens, for said sum of one thousand two hundred and fifty ($1,250) dollars, dated March 4th, 1895, payable to Thomas David or order, and due thirty days after date, on which, prior to the delivery thereof to said David, were endorsed in part payment thereof, six hundred and twenty-five ($625) dollars attorney's fee earned by said Likens in the cause in which said judgment was rendered, and four hundred dollars ($400) for moneys advanced from time to time by said Likens to said David, prior to said 4th day of March, 1895; that said David assigned said judgment to said defendant, Likens, and said Likens accepted said assignment for the purpose of paying said antecedent debt of ten hundred and twenty-five dollars ($1,025), and for the additional purpose of placing the balance due on said judgment beyond the reach of plaintiff."

The court refused to make the finding so proposed, and the appellant excepted to the refusal.

The lower court refused to allow costs to either party, and this is also assigned as error.

Counsel for appellant insists that the lower court erred in refusing to set aside the assignment to the extent of appellant's judgment, and this is the principal ground urged for a reversal. In the finding proposed by appellant as a substitute for No. 5, it is admitted that the assignment of the judgment to respondent Likens was for an ample consideration, and the evidence beyond any question establishes the fact that at the time when the assignment was made there was due from David to Likens the sum of $625 for professional services rendered by Likens in obtaining said judgment, and also the further sum of $400 for moneys advanced by him to David during the course of litigation.

We are unable to understand how the lower court arrived at the conclusion that the assignment should be disturbed to any extent, and the respondent urges that the court erred in so doing, and he insists that the error of the lower court in this regard should be corrected upon this appeal. Inasmuch, however, as he has failed to appeal, we think we cannot grant any relief. In *Glenn v. Hill*, 11 Wash. 541 (40 Pac. 141), we held that, " error prejudicial to a respondent will not be noticed in an appellate court when he has taken no appeal from the judgment of the trial court." In *United States v. Blackfeather*, 155 U. S. 180 (15 Sup. Ct. 64), it is said that without an appeal the party will not be heard in an appellate court to question the correctness of the decree of the trial court.

It seems very clear, however, that the judgment and decree appealed from were as favorable to the appellant as the facts and circumstances disclosed upon the trial warranted. Indeed, as already intimated,

we think he was not entitled to recover at all. He
had acquired no lien upon this judgment. He was
simply a creditor of the respondent David, and, as
already observed, respondent Likens was also a credi-
tor to the extent, at least, of $1,025 ; and granting
that he knew that appellant was expecting payment of
his claim against David from the proceeds of the
judgment obtained against the insurance company,
that knowledge should not be held to prevent him
from obtaining security or payment of his claim
against David for services performed and moneys ad-
vanced in the course of the litigation against the in-
surance company. And if (as the proof shows), in
order to secure the sum due him it was necessary for
respondent to purchase the entire judgment and take
an assignment thereof, such assignment was not
thereby rendered fraudulent. See *Gray v. St. John*, 35
Ill. 222, and cases there cited.

We think that the respondent is entitled to be ex-
onerated from any charge or imputation of fraud.
And we think that appellant cannot be heard to com-
plain of the ruling of the lower court in regard to
costs. We are constrained to say that the evidence
in the case did not entitle him to costs, and the judg-
ment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ.,
concur.