### BARNWELL v. MARION.

1. PRACTICE—SERVING ANSWER.—A defendant has the full time, counting from the day the remittitur is filed in the Circuit Court, to file his answer, according to the provisions of an order overruling a demurrer and appealed from.

2. APPEAL.—Is there such thing as an oral notice of intention to appeal?

Before KLUGH, J., Charleston, March, 1899.    Affirmed.

Foreclosure by Joseph W. Barnwell, trustee, Ann Josepha Wilson, and Ellen E. Hayne against Sophia Frances Shepherd Marion. From order refusing to put case on Calendar 3, as in default, plaintiff appeals.

*Messrs. Langdon Cheves* and *Joseph W. Barnwell,* for appellants, cite: *Defendant was in default by failure to serve answer in twenty days from date of order, including time after filing remittitur:* 6 Paige Ch., 379; 4 Dana, 598; 19 Wall., 661; 22 S. C., 583; 20 S. C., 582.

*Messrs. Bryan & Bryan,* contra, cite: *Oral notice of appeal from an order overruling demurrer stays further proceedings on Circuit:* 24 S. C., 81.

August 2, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE.   The character of the cause of action of the plaintiffs against defendant is fully set forth in the judgment of this Court on another branch of this case, and as found in 54 S. C., 223.   By Judge Buchanan's order, the defendant was allowed twenty days from its date to file an answer.   After the lapse of, say, ten days, notice of appeal from the order of Judge Buchanan was served by the defendant.   This Court sustained the Circuit Judge.   The *remittitur* reached the Circuit Court on the 25the day of February, 1899.   On the 16th day of March, 1899, the defendant tendered its answer to the plaintiff's attorney; its service was refused by plaintiff's attorney, because, as he contended, more than twenty days had expired, by counting the eleven days before appeal was taken and allowing nine other days after *remittitur* reached the Circuit Court.   Judge Klugh held that the defendant had twenty days to answer after the *remittitur* from this Court was filed in the Circuit Court.   An appeal is taken by plaintiffs from Judge Klugh's order.

As is suggested by the appellant, this is the first time such a question has reached this Court.   Our opinion is that the Circuit Judge is right.   It seems to us that when an appeal was taken from Judge Buchanan's order, that such appeal related back to the date of such order.   In effect, the appeal denied life to such an order from its very creation— the date of its signature.   Such order of Judge Buchanan never had any vitality imparted to it, after the appeal was taken from it, until the date at which the *remittitur* from the Supreme Court reached the Court of Common Pleas for Charleston County.   Now, if the order of Judge Buchanan, as a *valid* order, only began to run from the 25th of February, 1899, the day on which it was filed by the Circuit Court or Court of Common Pleas of Charleston County, then the defendant had a valid legal right to file her answer at any time within twenty days from such date, not as an act of courtesy by the Court or by the opposing parties, but as a fixed right, under Judge Buchanan's order.   Hence no terms could have been imposed upon her as to her answer by

Judge Klugh or by this Court.   Reference has been made
to an oral notice of appeal from Judge Buchanan's
order.   This cuts no figure in our decision.   It is as
if no such thing ever existed.   Indeed, in passing,
we may venture the remark that oral notices of appeal are of
no effect.   Since the act of 1889, regulating appeals, we
doubt if such a thing as an oral notice of appeal could exist.

We have paid no attention to the additional grounds fur-
nished by the respondent upon which to establish as correct
the order of Judge Klugh in allowing the defendant to
answer; for the reason that we have already determined to
sustain Judge Klugh's action.

We would not venture as a Court to refer to the earnest
desire expressed by the appellants for a trial of this cause.
We can only hope that all parties to this action will respond
to the spirit manifested by this Court by the promptness of
its decisions in both appeals, and put an end to these conten-
tions by a trial of the cause on its merits.

It is the judgment of this Court, that the order of the Cir-
cuit Judge, which was appealed from, be affirmed, and that
the answer of the defendant already before the Court be ad-
mitted as her answer.   Let the cause be remanded to the
Circuit Court for such further proceedings as may be neces-
sary.