[No. 8366. Department One. November 22, 1909.]

JOHN W. WINNINGHAM, *Appellant,* v. W. W. PHILBRICK, *Respondent.*[1]

APPEAL—REVIEW—PARTY ENTITLED TO ALLEGE ERROR—RESPONDENT NOT APPEALING. Upon appeal by plaintiff from an order granting a new trial, the defendant cannot, without having appealed, allege error in not having dismissed the case for want of jurisdiction of the subject-matter of the action, upon defendant's motion, as the ruling becomes the law of the case.

NEW TRIAL—CONDITIONAL GRANT—EXPIRATION OF CONDITION. Upon the expiration of the time limited within which a remission of part of a verdict could be accepted to avoid a conditional grant of a new trial, the order for a new trial becomes absolute and finally fixes the rights and status of the parties without further orders.

[1]Reported in 105 Pac. 144.

NEW TRIAL—GROUNDS—EXCESSIVE VERDICT. It is the duty of the trial court to grant a new trial where the verdict is so excessive as not to be sustained by the evidence.

APPEAL—REVIEW—GRANT OF NEW TRIAL. The grant of a new trial because of an excessive verdict will not be disturbed on appeal where abuse of discretion is not shown.

APPEAL—DECISION—AFFIRMANCE—GRANT OF NEW TRIAL—CONDITIONS. Upon affirming an order granting a new trial unless an excessive verdict is remitted, and which became absolute by failure to comply with the condition, the supreme court cannot allow the appellant to make the remission and accept the verdict as reduced.

Appeal from an order of the superior court for King county, Gay, J., entered March 24, 1909, granting defendant's motion for a new trial, in an action for slander of title, after a trial on the merits and the verdict of a jury rendered in favor of the plaintiff. Affirmed.

*John H. Allen,* for appellant.
*Higgins, Hall & Halverstadt,* for respondent.

MORRIS, J.—Each of the parties hereto is the patentee and owner of patents for cutter-heads and matcher-heads. The appellant brought the action, contending that the respondent had slandered his title by maliciously and falsely stating to divers persons that the Winningham head was an infringement upon the Philbrick head, and setting forth his damages. Respondent denied the charge of malice and falsity, admitted stating to different persons that the Winningham head was an infringement upon his patent, and set forth such infringement. Upon the trial a jury was called, and on January 26, 1909, a verdict was returned in favor of appellant in the sum of $4,000.

Thereupon respondent moved for a new trial upon various grounds, one being that the verdict was excessive. The court, in ruling upon this motion, made an alternative order, granting a new trial unless the appellant would within five days file a waiver of all sums in excess of $452. There seems to

have been some misunderstanding as to the language of this order, after its announcement by the court, and appellant filed a petition for a rehearing, which was denied, and on March 24 the court handed down and filed a memorandum decision, in which, after reciting the making of the previous order, the petition for a rehearing, and other matters, it rules "that the petition for a rehearing is denied and the original order granting a new trial, unless all sums above four hundred fifty-two dollars ($452) shall be remitted, is allowed to stand as of this date." The five days granted appellant to determine whether he would accept the $452 or submit to a new trial expired, and the record discloses no further action until April 5, which was twelve days after the entry of the court's order, when appellant served notice of appeal from the order of the court "granting the defendant a new trial herein."

The errors assigned are, "In directing a remission of $3,548 of the verdict," and "In granting the motion for a new trial upon refusal of plaintiff to make such remission." In the briefs many interesting questions are discussed which we will not inquire into, as, in our view, the same are not properly before us; the jurisdiction of the court below being attacked upon the ground that, inasmuch as it was incumbent upon appellant before he could recover to establish the falsity of the charge, he must prove that his head was not an infringement upon the Philbrick head; and respondent contends that such a question can only be determined in the Federal courts. It is likewise asserted that the communication was privileged, and that the court erred in permitting the verdict to stand in any amount, because of insufficiency of the evidence. Respondent, however, has not appealed, and it has long since become the established rule in this court that we will not review any order or ruling made by the court below unless the appeal is presented by the party aggrieved. If, therefore, respondent desired this court to review the ruling of the court below upon the questions submitted in his

brief and upon which the ruling below was adverse to him, he should have taken a cross-appeal, failing which the rulings thereon of the court below become the law of this case, and we are precluded from reviewing them. *Rockford Shoe Co. v. Jacob*, 6 Wash. 421, 33 Pac. 1057; *Langert v. David*, 14 Wash. 389, 44 Pac. 875; *Tacoma v. Tacoma Light & Water Co.*, 16 Wash. 288, 47 Pac. 738; *Id.*, 17 Wash. 458, 50 Pac. 55; *Phillips v. Reynolds*, 20 Wash. 374, 55 Pac. 316, 72 Am. St. 107.

The only question before us upon this appeal is that suggested by appellant, that the court erred in granting a new trial. When appellant permitted the time fixed by the court, in which he must accept a reduction of his verdict or submit to a new trial, to elapse without accepting such reduction, respondent's right to a new trial became absolute without any further order upon the part of the court; and such order was, at the time of the taking of the appeal, the only order of force and effect in the matter. It has long since been established that when, upon ruling upon a motion for a new trial, the court grants or refuses a new trial upon conditions set forth in the order, the compliance with the condition within the time fixed, or the failure to comply within the time fixed, operates as an absolute grant or denial of the new trial, and the status and rights of the parties become finally fixed and determined as of such right. *Harris v. Central of Georgia R. Co.*, 103 Ga. 495, 30 S. E. 425; *Sherman v. Mitchell*, 46 Cal. 576; *Garoutte v. Haley*, 104 Cal. 497, 38 Pac. 194; *Brown v. Cline*, 109 Cal. 156, 41 Pac. 862; *Adams Express Co. v. Gregg*, 23 Kan. 376; *Buntain v. Mosgrove*, 25 Ill. 152, 76 Am. Dec. 789; *Chambers' Adm'r v. Bass*, 18 Ind. 3.

Not only was the lower court, if in its judgment the verdict was so grossly excessive as to demand a reduction from $4,000 to $452, justified in granting a new trial, but it was its plain and manifest duty to do so. It is the duty of the trial court to protect the rights of litigants before it, and

while it is the sole province of the jury to pass upon disputed questions of fact, it is equally the province of the trial court to relieve a litigant from a verdict which in its opinion there is no evidence to sustain.

A like question was submitted to this court in the case of *Kohler v. Fairhaven & N. W. R. Co.*, 8 Wash. 452, 36 Pac. 253, 681, wherein it is said:

"Under the provisions of our statute it is made the duty of the trial court, when a proper motion has been interposed, to determine the question as to whether or not the damages awarded by the jury are excessive. In performing this duty the court must determine as to the effect of the evidence introduced in the course of the trial. From such evidence it must, as a question of judicial discretion, determine whether or not the damages as assessed by the jury are so excessive as to make it appear that they were awarded under the influence of passion or prejudice. It is a universal rule that when a matter is left to the discretion of a court, its exercise of such discretion will not be interfered with by an appellate court unless it is made affirmatively to appear from the record brought up on appeal that such discretion has been improperly exercised. . . . For while it is true that the verdict of a jury is presumably warranted by the evidence until the contrary is made to appear, the statute has made it the duty of the lower court to review their action, and when it has done so, and in the exercise of the discretion vested in it, determined that it was not warranted, the presumption as to its correctness is taken away, and the decision of the court must stand unless the appellate court is satisfied from all the circumstances surrounding the case that in so deciding the court made a mistake."

See, also, *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108; *Morris v. Warwick*, 42 Wash. 480, 85 Pac. 42; *Norman v. Bellingham*, 46 Wash. 205, 89 Pac. 559.

We find nothing in the record before us to convince us that the court below abused the discretion vested in it to grant a new trial when, in its judgment, there was no evidence to justify the verdict as returned by the jury.

Appellant requests that, in case we find "that $452 is

ample compensation to the plaintiff," we allow him the refusal of that sum for thirty days. We can make no such order. The only question we may determine upon this appeal is the alleged error of the court below in granting a new trial. Appellant had his opportunity to accept such sum and refused it. Having done so, the order for a new trial became absolute, and upon a review of that order, having found the court was without error and the order appealed from should be affirmed, we cannot substitute in its stead a new order, imposing other conditions than those fixed by the court below. To do so would in effect operate as a reversal of the order appealed from, and the entry of an original order with new conditions. The only thing we may do is to affirm or reverse the order appealed from. *Kohler v. Fairhaven & N. W. R. Co.*, *supra*.

The judgment is affirmed and the cause remanded for a new trial.

RUDKIN, C. J., FULLERTON, GOSE, and CHADWICK, JJ., concur.