## 11995

### WALKER *ET AL.* v. QUINN *ET AL.*

#### (133 S. E., 444)

1. **Appeal and Error.**—Under Code Civ. Proc. 1922, § 26, all orders granting or refusing a new trial based on matter of law are appealable, but such orders based on sufficiency of evidence are not appealable.

2. **Appeal and Error—Supreme Court Has Power to Render Judgment Absolute on Appeal from Order Granting New Trial, Which is Without Error, Where Decision of Question of Law is Determinative of Case, but Such Power Does Not Exist on Appeal From Order Refusing New Trial, Nor Where Decision of Law Question is Not Determinative of Case.**—Under Code Civ.

Proc. 1922, § 26, Supreme Court has no power to render judgment absolute on appeal from order refusing new trial, but has such power only where order granting new trial was without error and decision of question of law involved is determinative of case, and, where such decision is not determinative, case will be remanded for new trial to order.

3. HIGHWAYS.—Contract for embankment work in connection with county highway, designating minimum quantity of earth to be moved, permits damages for breach thereof only on basis of such minimum quantity.

4. APPEAL AND ERROR—ALTHOUGH CONTRACT FOR EMBANKMENT WORK IN CONNECTION WITH HIGHWAYS PROVIDE FOR PAYMENT BY EMBANKMENT MEASUREMENT, DAMAGES MAY BE DETERMINED ON ERRONEOUS BASIS OF PIT MEASUREMENT, IN ABSENCE FROM RECORD ON APPEAL OF ANY OTHER DATA.—Damages for breach of contract for embankment work in connection with highways *held* to be determined on erroneous basis of pit measurement, in absence from record on appeal of data relative to embankment measurement, although payment was to be made by embankment measurement.

5. HIGHWAYS—DAMAGES FOR FAILURE TO COMPLETE CONTRACT FOR EMBANKMENT WORK IN CONNECTION WITH COUNTY HIGHWAY, PROVIDING PAYMENT ON BASIS OF YARDAGE WITH 10 PER CENT. ADDITIONAL, MUST BE DETERMINED BY ALLOWING CONTRACTOR 10 PER CENT. ON WORK COMPLETED.—Where contract for embankment work in connection with highway provides for payment on basis of yardage with 10 per cent. additional, damages for breach because of failure to complete contract should be determined by allowing contractor payment with such 10 per cent. additional.

6. DAMAGES—LIQUIDATED DAMAGES FOR DELAY IN COMPLETING EMBANKMENT IN CONNECTION WITH HIGHWAY PAID TO COUNTY BY CONTRACTOR HELD IMPROPERLY ALLOWED, IN CONTRACTOR'S ACTION FOR SUBCONTRACTOR'S BREACH, WHERE THERE WAS NO REASONABLY DEFINITE BASIS THEREFOR, AND THEY WERE NOT PLEADED IN NATURE OF SPECIAL DAMAGES.—In contractor's action for subcontractor's breach of contract for embankment work, built in connection with highway, liquidated damages paid to county under original contract because of unnecessary delay were improperly considered, where there was no reasonably definite basis therefor, and they were not pleaded in the nature of special damages.

Before C. C. SIMMS, SPECIAL JUDGE, Orangeburg, November, 1923. Judgment modified and affirmed.

Action by N. G. Walker and others against John F. Quinn and others. Judgment for plaintiffs and from an

order granting new trial *nisi,* plaintiffs appeal, and defend-
ants appeal from so much of the order as rejected certain
grounds of motion for new trial.

Messrs. *Wolfe & Berry,* for defendants-appellants, cite:
*General and special damages:* 8 R. C. L., 429. *When
special damages recoverable in action ex delicto for breach
of contract:* 83 S. C., 502. *Special damages not provable
unless pleaded:* 89 S. C., 488; 83 S. C., 501; 79 S. C.,
157; 3 Brev., 185; 5 Enc. of Pl. & Pr., 719.

Messrs. *Dunlap & Dunlap* and *A. H. Moss,* for plain-
tiffs-respondents, cite: *Intention of parties to be gathered
from all instruments forming contract:* 84 S. C., 148; 65
S. E., 1044; 83 A. S. R., 138. *General and special dam-
ages:* 106 S. C., 377; 91 S. E., 301; 17 C. J., 712 and
1001. *Indeterminate Sentence Statute construed:* 103 S.
E., 174.

May 24, 1926.

The opinion of the Court was delivered by Mr. Justice
Cothran.

This action is for damages resulting from the alleged
breach of a contract entered into between the parties, under
which Quinn & Co. undertook to do certain embankment
work, in connection with another contract which Massey &
Co. had entered into with the Marion County Highway
Commission, covering certain road work at Gallivant's
Ferry in Marion County.

The case was tried before Hon. Charles Carroll Simms,
Special Judge, and a jury, and resulted in a verdict of
$6,739.85 in favor of the plaintiffs. The defendants moved
for a new trial upon the general ground that the verdict was
not sustained by the evidence. This motion was refused,
and, there being no exception thereto, as there could not
have been with any hope of success, it passes out of view.
At the same time the defendants moved for a new trial *nisi*
upon three grounds hereinafter set forth. The presiding

Judge, construing the contract between Massey & Co. and Quinn & Co., held that the verdict was excessive to the extent of $622.38, and ordered a new trial, in the event that the plaintiffs declined within a fixed time to enter a remission of the verdict to the extent of such excess, thus sustaining the first ground and overruling the other two. The plaintiffs declined to remit, and have appealed from this order for a new trial *nisi,* upon the ground that the presiding Judge committed error in his construction of the contract. The defendants have appealed from so much of the order as rejected the second and third grounds of the motion.

It has been suggested that both appeals should be dismissed upon the ground that, as this Court, in the event of its affirmance of the order upon either appeal, could not render judgment absolute upon the right of the appellant, the order is not appealable. The correctness of this proposition confronts the Court upon the threshhold of the discussion.

Directing attention first to the appeal of the plaintiffs from the order conditionally granting a new trial, the question at issue is:

"Does the appealableness of the order granting a new trial depend upon the power of the Supreme Court, in the event that the order be sustained, to render judgment absolute upon the right of the appellant?"

The result of the suggestion would be to dismiss both appeals, upon the ground that in neither instance could the Court render judgment absolute upon the right of the appellant; in other words, that the appealableness of an order, either granting or refusing a motion for a new trial, depends upon the power of the Court, in the event of affirmance, to render judgment absolute upon the right of the appellant.

The statute applicable is as follows (Section 26, 1, 2 Code Civ. Procedure) :

"The Supreme Court shall have appellate jurisdic-

tion for correction of errors of law in law cases, and shall review upon appeal: 1.   *   *   *   2.   An order affecting a substantial right   *   *   *   and when such order grants or refuses a new trial;   *   *   *   upon any appeal from an order granting a new trial,   *   *   *   if the Supreme Court shall determine that no error was committed in granting the new trial, it shall render judgment absolute upon the right of the appellant.   *   *   *  "

Clearly the duty and power of the Supreme Court to render judgment absolute are limited to an appeal from an order granting a new trial. There is nothing said in the statute as to such action of the Court in an appeal from an order refusing a new trial; and it is manifest that the dismissal of the defendants' appeal from the order refusing a new trial, upon the ground that this Court could not render judgment absolute upon the right of the appellant, cannot be sustained.

Recurring to the immediate question before the Court in connection with the exception of the plaintiffs, charging error in the granting of the order for a new trial *nisi,* does the appealableness of the order depend upon the power of the Court to render judgment absolute upon the right of the appellant, in the event of the affirmance of the order?

That the Circuit Judge, in requiring a remission of $622.38, acted upon his construction of the contract between Massey & Co. and Quinn & Co., conclusively appears, not only from the terms of the order, but also from the exception of the plaintiffs. The order declares: "The Court holding  that the defendants' liability is limited to 60,000 cubic yards by the contract." The error charged in the exception is: "In holding that under the contract   *   *   *   respondents (plaintiffs) could only obtain redress   *   *   *   on a basis of 60,000 yards minimum."

The order was therefore based upon a matter of law; it did not involve disputed questions of fact, a consideration of the weight, and sufficiency of the evidence, and was

clearly appealable. That the construction of a written contract by the Court involved a matter of law and nothing else is too manifest for discussion.

The right of the losing party to appeal from an order granting a new trial is specifically and in mandatory fashion conferred by the section of the Code which has been quoted:

"The Supreme Court * * * shall review upon appeal * * * an order affecting a substantial right * * * and when such order grants or refuses a new trial."

The action of the Supreme Court, directed to be taken after it shall have entertained the appeal and decided that no error was committed, cannot possibly affect the appealableness of the order, for otherwise the anomalous situation would be presented of the Court assuming jurisdiction of the appeal, determining the appeal, and then deciding that, for the reason that it could not then render judgment absolute upon the right of the appellant, it never did have jurisdiction of the appeal, as the order was not appealable.

The case of *Daughty v. Ry. Co.,* 92 S. C., 361; 75 S. E., 553, is conclusive of the point at issue. In an elaborate opinion by Justice Hydrick the statutes and decisions are ably reviewed. It is there said:

"The language of the Code above quoted makes it perfectly clear that this Court must entertain appeals from orders which grant new trials, when they are based upon errors of law. The terms of the statute are mandatory— 'shall review.' * * * The Court cannot, therefore, refuse to consider an appeal from an order granting a new trial, when it is based on error of law, without putting itself in the position of ignoring or violating a constitutional statute, which, in plain and unmistakable terms, makes an order granting a new trial appealable."

The suggestion that the appealableness of the order depended upon the action which the Court was directed to take, under the circumstances already stated, did not receive the slightest notice, and in our opinion did not deserve any.

In *Glover v. Heyward,* 108 S. C., 487; 94 S. E., 878, the Court, in an opinion by Mr. Justice Watts, says:

"Ordinarily an appeal from an order granting a new trial is not allowed unless this Court can give judgment absolute. However, in this case the new trial was based and the order granted upon what his Honor conceived to be an error of law on his part in his charge to the jury, and from such an order an appeal will lie."

In *Marshall v. Railroad Co.,* 57 S. C., 138; 35 S. E., 497, the Court says:

"The well-settled rule is that this Court cannot review an order refusing or granting a new trial except for error of law."

In *Miller v. R. Co.,* 95 S. C., 471; 79 S. E., 645, the Court says:

"An order granting or refusing a new trial is expressly made appealable in Section 11 (D), Subd. 2, of the Code of Procedure," now Section 26.

In *Davis-Gee Co. v. Marett,* 129 S. C., 36; 123 S. E., 323, the Court, in an opinion by Mr. Justice Watts, says: "Order granting new trial is appealable when based solely upon law."

In *Dantzler v. Funderburg,* 129 S. C., 79; 123 S. E., 788, the Court again recognizes that an order granting a new trial upon a matter of law is appealable.

The case of *Dixon v. Ry. Co.,* 83 S. C., 393; 65 S. E., 351, deciding that an order granting a new trial upon a matter of law is not appealable, is expressly overruled in the *Daughty Case,* 92 S. C., 361; 75 S. E., 553.

It is contended that the point under discussion has been decided by this Court in the case of *Ingram v. Hines,* 126 S. C., 509; 120 S. E., 493, in favor of the indicated suggestion. The opinion in that case was written by the writer of this opinion, and he feels free to criticise it and to acknowledge an error contained in it. In that case the plaintiff appealed from an order granting a new trial, setting

aside a verdict which had been rendered in his favor.    It is distinctly held in the leading opinion as follows:

"His [the Circuit Judge's] order granting a new trial was based upon a consideration of the evidence, and a conclusion therefrom inconsistent with the verdict.    This is shown by his refusal to direct a verdict, and from the terms of his order, which will be reported.    It is clear from the authorities that under these circumstances his order is not appealable" (citing cases).

That declaration was sufficient to decide the case.    The leading opinion, however, proceeds in announcing a doctrine not involved in the case, which is erroneous and has been overruled by the *Snipes Case,* 131 S. C., 298; 127 S. E., 447, that:

"In order to render it appealable, two essential elements must appear in an order granting a new trial:    (1) The order must have been based upon a matter of law; and (2) the matter of law must have been so controlling in its influence as to be decisive of the case, and justify as a matter of law, judgment absolute by this Court against the appellant in the event of its affirmance."

The writer fell into error, common to the many cases cited by Acting Associate Justice Cothran in the *Snipes Case,* of failing to draw the distinction between the appealableness of such an order and the power of this Court to render judgment absolute.    The last paragraph of the opinion should have read thus:

"If the order granting a new trial is based upon a matter of law, the decision of which is conclusive, not simply upon the appeal, but upon the merits of the controversy, leaving no issue of fact upon which the right of the parties depend, the drastic provisions of the section apply; otherwise not. This being a case, therefore, in which it would be impossible for this Court to render judgment absolute against the plaintiff, in the event of its affirmance of Judge Mauldin's order, it follows inevitably, not as stated in the opinion 'that the

order is not appealable,' but, that the Court has no power to render judgment absolute, and must remand the case for the new trial ordered."

The Chief Justice concurred in the result, without indicating the ground of his dissatisfaction with the opinion, which must have existed as to some portion of it. Justice Marion filed a concurring opinion in which he concurred generally with the leading opinion, and based his conclusion largely (as he states) upon the consideration that:

The "Circuit Judge's order was clearly predicated upon his view as to the weight and sufficiency of the evidence. * * * Upon such a question of fact, this Court * * * has no power to review the Circuit Judge's determination. I am therefore, clearly of the opinion that Judge Mauldin's order was not appealable."

The Chief Justice concurred in the opinion of Justice Marion. Justice Watts dissented upon the ground that "a reading of the order convinces me that his Honor's order is based upon the law of the case. Such an order is appealable." Justice Fraser concurred in the dissent of Justice Watts.

The main point of difference in the case was whether Judge Mauldin's order was based upon a matter of law, or upon his view of the weight and sufficiency of the evidence. Three of the justices agreed that it was based upon the latter, and all agreed that, if such was the case, the order was not appealable.

The writer feels satisfied: (1) that the declaration under criticism was not necessary to a decision of the appeal and is obiter dictum; (2) that it has properly been overruled by the *Snipes Case;* (3) that, if not so overruled, it is erroneous, and should be so declared.

That it has been distinctly overruled in the *Snipes Case,* sufficiently appears from the opinion of that case, where it is said:

"Every order granting or refusing a new trial for error

of law is appealable.  *  *  *  The right to appeal from such an order is not dependent upon the power of this Court to render judgment absolute.  *  *  *  In every case where the order granting or refusing to grant a new trial upon error of law an appeal to this Court will lie, but, upon hearing the appeal, this Court can render judgment absolute only in those cases where there is no error in the order granting  *  *  *  the new trial, and the question of law involved is conclusive of the case, both as to law and merits."

The reasoning of the Court in the case of *Pampley v. R. Co., 77* S. C., 319; 57 S. E., 1104, has been erroneously applied to the question of the appealableness of an order granting a new trial, instead of to the power of the Court upon such an appeal, where the Court determines that no error was committed in granting the new trial. The Court was discussing, not the mandatory provision of the section that the Supreme Court shall review upon appeal orders granting or refusing new trials, but the power of the Court to render judgment absolute, and very properly concluded that the provision did not apply to all cases; that the act, that is that part of it relating to the power referred to, was intended to apply only to those cases in which the Court has the power to render final judgment, and concludes for that reason that an order granting a new trial is not appealable unless such power exists, a consideration which affects, not the appealableness of the order which had already been conferred, but the power of the Court to render judgment absolute.

The logical result of entertaining the appeal in the *Snipes Case,* and deciding that no error had been committed in granting the order was to affirm the order, and that is exactly what was done in the case referred to.

The question is removed from doubt by bearing in mind that the appealableness of an order granting a new trial is one thing, and the duty and power of the Supreme Court,

in the disposition of the case after it has assumed jurisdiction of the appeal and decided that the Circuit Judge committed no error in granting the order, is quite another.

In the case at bar (an appeal from an order granting a new trial upon a matter of law) the Court unquestionably would have the power of deciding that an error of law had been committed by the Circuit Judge in his construction of the contract. In that event, the Court would have entertained the appeal and so decided; the result would be a reversal of the order and a restoration of the verdict as it was rendered. If the Court has jurisdiction to decide that an error had been committed, it certainly has jurisdiction to decide that an error had not been committed. What follows the entertainment of jurisdiction and the decision of the Court either way is a mere matter of procedure. In the one case the order is reversed and the verdict stands; in the other, if the decision of the question of law is decisive of the controversy, the Court renders judgment absolute, otherwise, a new trial is had. As is said in the *Daughty Case:*

"Can it be supposed that the Legislature was guilty of the absurdity of allowing an appeal from an order where no error is committed and denying it where error is committed?"

Or, we may add, of allowing an appeal where error was committed and denying it where it was not.

With reference to the dismissal of the appeal of the defendants: This is an appeal from an order refusing a new trial *nisi* upon certain additional grounds, not from an order granting a new trial, and yet the same reasoning is sought to be applied as to an appeal from an order granting a new trial, when as a matter of fact the clause of the section has application only to appeals from orders granting new trials, by its express terms.

In the case at bar the plaintiffs recovered a verdict of $6,739.85, every dollar they claimed. The trial Judge, upon his construction of the contract, a matter of law, cut it down

$622.38, as effectually as he could do so by the order *nisi*. If the plaintiffs were right in their construction of the contract, they were entitled to the whole amount recovered. If the order was not appealable, they were put to the alternative of losing what they were entitled to or submitting to the hardship, delay, and expense of a new trial. They had a perfect right, rather than accept either alternative, to test by appeal the correctness of the Judge's interpretation of the contract.

And so with the defendants: They claimed deductions from the verdict amounting to $3,500 in round figures, in addition to the amount allowed by the order. If they were right in their contentions, also matters of law, they were entitled to the whole amount of the deductions claimed. They admitted some liability, and doubtless were willing to settle upon the allowance of their claimed deductions, without the hardship, delay, and expense of a new trial. If they had no right to appeal from the Judge's interpretation of the law as applied to their claims, they had no other choice than to thresh the whole case over. We see nothing in the law to prevent their having these questions settled rather than undergo another trial.

The principle and proceedings are thus made perfectly clear upon the matter of appeals from orders granting or refusing new trials:

(1) An order granting or refusing a new trial based upon a consideration of the weight and sufficiency of the evidence is not appealable.

(2) A similar order based upon a matter of law is always appealable, without conditions, which of course includes the ground that the Circuit Judge abused his discretion in granting or refusing the order. *Strickland v. Moskos,* 131 S. C., 247; 127 S. E., 265.

(3) Upon an appeal from an order granting a new trial, upon a matter of law, if the Court shall determine that no error was committed in granting the new trial, and the de-

cision of the matter of law is determinative of the controversy, the Court shall render judgment absolute upon the right of the appellant.

(4) This provision has no application to an appeal from an order refusing a new trial.

(5) Upon an appeal from an order granting a new trial upon a matter of law, if the Court shall determine that no error of law was committed in granting the new trial and the decision of the matter of law is not determinative of the controversy, the Court shall remand the case for the new trial ordered by the Circuit Court.

Now then, having concluded that both appeals are entirely in order and should be decided, the merits of the exceptions will be considered. Before doing so, a more detailed statement of facts appears necessary.

The action is for $7,171.94 damages, on account of the alleged breach of a contract whereby Quinn & Co. were obligated to construct an embankment upon a certain roadway across Little Pee Dee Swamp, in Marion County. Prior to November 19, 1919, the date of the contract between Massey & Co. and Quinn & Co., Massey & Co. had entered into a contract with the Marion County Highway Commission for the construction of certain road work at Gallivant's Ferry. On that date Massey & Co. entered into a contract with Quinn & Co. covering a part of the work which they had undertaken. It covered excavation, hauling, and placing of earth material in the construction of the embankment. For convenience we will use the word "move", which is intended to cover excavation, hauling, and placing of earth on the embankment. The subcontract between Massey & Co. and Quinn & Co. is indefinite as to the extent of the work undertaken, except that it was agreed that the minimum quantity of earth to be moved should be 60,000 cubic yards; for this Quinn & Co. were to receive 25 cents per yard, embankment measure, plus 10 per cent.

It appears that for various reasons and unfortunate circumstances, Quinn & Co. were unable to complete their contract, and abandoned it after some work had been done. The plaintiffs calculated that Quinn & Co. had moved 33,-339 yards at the time of the abandonment; that the plaintiffs with their force moved 7,061.7 yards, and then sublet the work to another firm, which moved 24,629.2 yards, a total yardage of 65,029.9. They proposed to allow Quinn & Co. 25 cents per yard upon the 33,339 yards, $8,334.75, and to debit them with 25 cents per yard upon the 7,061.7 yards moved by the plaintiffs (that being the cost to them in excess of the contract price of 25 cents), with 14.2 cents per yard upon the 24,629.2 yards moved by the other subcontractors (that being the cost to them in excess of the contract price), with $2,070.49 damages paid by them to the Marion County Highway Commission on account of delay in the work, and with other items which do not appear to be controverted.

The following is an itemized statement of the plaintiffs' various claims of damage, taken from the printed argument of counsel for the plaintiffs:

| | |
|---|---:|
| Filling in a certain space ...................$ | 162.00 |
| Expenses in reletting contract .............. | 605.70 |
| 7,061.7 yards at 25 cents .................. | 1,765.45 |
| 24,629.2 yards at 14.2 cents ............... | 3,497.36 |
| Damages to Marion County ............... | 2,070.49 |
| Amount advanced ........................ | 6,937.98 |
| | $ 15,038.98 |
| Credit 33,339 yards at 25 cents ........... | 8,334.75 |
| Balance ...........................$ | 6,704.23 |

There is a slight difference in the amount of balance claimed by the plaintiffs in the testimony, and that from the argument set forth above. The plaintiffs in the testimony claim:

Total items claimed .......................$ 14,911.58
Total credits ............................   8,072.23

    Balance ...........................$   6,839.35
    (Stated as $6,739.35)

The argument of counsel for the plaintiffs shows:

Total items claimed .......................$ 15,038.98
Total credits ............................   8,334.75

    Balance ..........................$   6,704.23

The jury returned a verdict of $6,739.35, apparently adopting the exact figures given by the plaintiffs in the testimony, including the manifest error of $100 against themselves. The defendants moved for a new trial generally, upon the ground that the verdict was contrary to the evidence, and for a new trial *nisi* upon the following grounds:

(1) That the defendants were bound under the contract to the extent only of moving 60,000 yards, while the verdict required them to pay for damages based upon 65,000 yards, being excessive to the amount of $622.38.

(2) That the contract allowed the defendants 25 cents per yard, embankment measurement, for all earth moved, plus 10 per cent thereof, making in reality 27½ cents per yard, whereas under the calculation of the plaintiffs, adopted by the jury, the defendants were allowed only 25 cents per yard upon pit measurement for the yardage moved by the defendants and on the yardages moved by the plaintiffs and the other subcontractors; the verdict being thereby excessive to the extent of $1,625.77.

(3) That the item of $2,070.49, paid to Marion County for damages on account of delay in completing the work, was special damages, not recoverable under the pleadings.

The Circuit Judge granted the defendants' motion for a new trial unless the plaintiffs remit upon the record, within 10 days, the sum of $622.38, leaving the verdict at $6,116-.97; "said reduction being based upon the yardage in excess

of 60,000 cubic yards, the Court holding that defendants' liability is limited to 60,000 cubic yards by the contract." He overruled the second and third grounds of the motion set forth above.

The plaintiffs declined to make the remission of $622.38 required by the order, and have appealed, charging error in holding that under the contract the plaintiffs could only obtain redress against the defendants on a basis of 60,000 yards minimum, and in holding that the excess in the verdict on this account amounts to $622.38.

The exceptions of the plaintiffs may be disposed of first. The contract contains no definite limits of the embankment work, no definite extent of the proposed work, no definite quantity of earth to be moved, and under it the greatest quantity which could be used by the plaintiffs as the basis of their claim for damages, is the 60,000 yards expressed as the minimum quantity to be moved by the defendants. The quantity admitted by the plaintiffs to have been moved by the defendants is 33,339 yards; hence the difference between 60,000 yards and this quantity, 26,661 yards, forms the basis of the plaintiffs' claim.

The plaintiffs, however, have made the basis of their claim—

The yardage moved by them ........  7,061.7
Plus that moved by the other subcon-
    tractors ................  24,629.2
                          31,690.9
An excess over the contract basis ....  26,661

Of .............................  5,029.9  yards
Upon which they have estimated damages at 14.2
    cents per yard ........................$  714.26
More than the defendants have been allowed by
    the order  ............................  622.38

To the extent of ...........................$    91.88

Or, expressed in another form, the plaintiffs have charged to the defendants:

Loss on 7,061.7 yards moved by them with their
     force at 25 cents per yard ..............$ 1,765.45
Loss on 24,629.2 yards moved by the other con-
     tractors at 14.2 cents per yard ..........,,   3,497.36

    Total ..........................$ 5,262.81

Assuming that, of the 26,661 yards of the deficiency (60,-000 less 33,339), the defendants are chargeable with the loss on 7,061.7 yards at 25 cents per yard, $1,765.45, there remains of the deficiency, 19,599.3 (26,661 less 7,061.7) yards, the loss on which at 14.2 cents, $2,783.10, is also chargeable to the defendants. The total loss in the sum of these two items, $1,765.45, plus $2,783.10, $4,548.35, and that sum deducted from the above actual charge of $5,-262.81, shows an excess charge of $714.26.

The construction placed by the presiding Judge upon the contract is correct, and, as the reduction ordered was less by $91.88 than the defendants were entitled to, the plaintiffs' exception should therefore be overruled.

Coming now to the defendants' exceptions: If they can show that the Circuit Judge erred, as matter of law, in not requiring the elimination of other items than the one eliminated, no valid reason has been suggested why they should not be allowed a modification of the order to that extent. The defendants moved for a new trial *nisi* upon the grounds set forth above. The first ground was sustained by the Circuit Judge, and his order, for the reasons above stated, should be affirmed. The second ground of the defendants' motion for a new trial *nisi* is set forth above and need not be repeated.

The contract unquestionably provides that the subcontractors, Quinn & Co., should be allowed 25 cents per yard, embankment measure plus 10 per cent. The plaintiffs ad-

mit that they did not estimate by the measure provided for in the contract, but estimated, or rather calculated, by pit or canal measurement. It is a familiar physical fact that, owing to the compactness of nature's work, earth removed from an excavation cannot be replaced in the cavity without effective tamping. Consequently an embankment of this removed earth will necessarily measure a greater quantity than would be indicated by the cubical contents of the cavity, and an addition of 10 per cent. upon the embankment measurement would increase the disparity between the cubical contents of the embankment and of the cavity. It follows that, to adopt the pit measurement, results in an erroneous amount, not only to the extent of the natural disparity between the contents of the embankment and the cubical calculation of the contents of the cavity, but to the extent also of the 10 per cent. additional.

No data appears in the record by which an estimate can be made of this disparity; hence we are compelled to disregard it and consider the pit measurement as the same as the embankment measurement. Giving the plaintiffs the benefit of this assumption, which common sense indicates is erroneous, necessarily it is clear that the plaintiffs, in estimating the pit measurement of earth moved by the d e f e n d a n t s at 33,339 yards have not allowed them the additional 10 per cent. upon embankment measurement provided for in the contract. This amounts to 3,333.9 yards at 25 cents per yard, $833.48. The Circuit Judge should therefore have required the elimination of this item ($833.48, and not $1,625.77 claimed by the defendants) in his order for a new trial *nisi*.

The third ground is that the verdict should have been further reduced, conditionally, by eliminating the item of $2,070.49, alleged to have been paid to Marion County for extra expense to the county incident to the unreasonable delay of the defendants in carrying out their contract with the plaintiffs. It is very clear from the statement above set

forth that this item was included in the verdict of the jury. In fact the counsel for the plaintiffs, in their printed brief, set forth "a general statement as taken from the testimony which (will show) shows how the amount of the verdict was arrived at"; and in that general statement is the item in question as a debit item against the defendants. The basis of this item of damages is vaguely explained. The plaintiff Walker testified:

"The last of the claims that we had was an account of the unreasonably long time that Quinn & Co. stayed on the job without completing the work.

"Q. That was charged to you? A. Yes, sir; by the county authorities.

"Q. The county authorities charged Massey & Co. as original contractors a certain sum for the unreasonably long time that Quinn & Co., your subcontractors, had stayed on the job without completing the work? A. Yes, sir; on account of the extra expense to which they were placed by it.

"Q. By the nonperformance of that contract? A. Yes, sir.

"Q. How much was that? A. $2,070.49. * * * We paid this item of $2,070.49 to the Marion Highway Commission, and claim it now as an item of damages against Quinn & Co."

That is the entire evidence tending to sustain the item. Counsel for the plaintiffs say in their brief:

"Marion County Highway Commission assessed the amount of $2,070 as liquidated damages under the original contract on account of unnecessary delay brought about by the defendants and in lieu of $10 per diem, which would have amounted to more than $2,070."

In a letter from Massey & Co. to Quinn & Co., urging completion of the contract, it is said:

"We are over a year behind on this work, and have always been afraid that the county would hold us liable for damages on account of the loss of the tobacco trade from across the river."

The record therefore discloses no reasonably definite basis for this item of damages. If the basis which the county was subjected to by the delay, it would have been in the nature of special damages which should have been pleaded. 8 R. C. L., 429; *Towles v. R. Co.,* 83 S. C., 502; 65 S. E., 638. *Gadsden v. Home Fertilizer & Chemical Co.,* 89 S. C., 488; 72 S. E., 15. *Matheson v. R. Co.,* 79 S. C., 157; 60 S. E., 437. *Alston v. Huggins,* 3 Brev., 185; 5 Ency. Pl. & Pr., 719. See, also, *Diamond v. Exp. Co.,* 131 S. C., 450; 128 S. E., 417.

If the basis should be liquidated damages provided for in the contract between Massey & Co. and the Highway Commission, the contract between Massey & Co. and Quinn & Co. does not connect up with the original contract so as to hold Quinn & Co. to the stipulations contained therein. Besides it would be objectionable upon the ground of special damages not pleaded. If the basis should be the loss of the tobacco trade, that manifestly is too remote for consideration. The Circuit Judge should therefore have required the elimination of this item of damage in his order for a new trial *nisi.*

The judgment of this Court is: (1) That the exception of the plaintiffs be overruled; (2) that the order granting a new trial *nisi* be modified by providing for a new trial unless the plaintiffs within 10 days after the filing of the remittitur herein, with the Clerk of the Circuit Court, remit upon record of this case the following amounts:

Excess under the first ground ............... $   622.38
Excess under the second ground ............    833.48
Excess under the third ground ............. 2,070.49

Total ............................. $ 3,526.35

—and that upon the entry of such remission the judgment as so reduced be affirmed.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY and MESSRS. JUSTICES MANN, WIL-

SON, HENRY, FEATHERSTONE, BONHAM, DEVORE, SHIPP, MAULDIN and JOHNSON, Circuit Judges, concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS, and MESSRS. JUSTICES. RICE, DENNIS and TOWNSEND, Circuit Judges, dissent.

MR. CIRCUIT JUDGE TOWNSEND (dissenting): The defendants' third, fourth, and fifth exceptions raise the question as to the amount which plaintiffs should have been required to remit as a condition for refusing a new trial. The opinion of Mr. Justice Cothran shows that the verdict erroneously included the three items aggregating $3,526.35. The case shows that plaintiffs did not remit any portion of the verdict pursuant to the order of the Circuit Judge. Compliance would have deprived plaintiffs of their right to test the validity of the order on appeal. Had there been no appeal, the failure of plaintiffs to remit within the time specified in the Circuit order would have given the defendants "a new trial absolutely"—i. e., unconditionally—without any option on the part of plaintiffs. *Barnett v. Gottlieb,* 105 S. C., 69; 89 S. E., 641.

The plaintiffs exercised their right to appeal, and, but for the provisions of Code Civ. Proc. § 26, Sub. 2, the appeal would have had the effect of extending the time for the exercise of the option given plaintiffs to remit, and thus to avoid a new trial, for 10 days beyond the time when the remittitur shall have gone down to the Circuit Court. *Barnwell v. Marion,* 56 S. C., 55; 33 S. E., 719. This Code provision was intended to penalize appeals from orders granting new trials (*Daughty v. R. R. Co.,* 92 S. C., 361; 75 S. E., 553), and should, I think, after affirmance on plaintiffs' appeal of an order granting a new trial *nisi,* when the time within which the plaintiffs were required by the Circuit Judge to exercise the option to remit has expired, be construed to make the order, in effect, such as it was construed to be in *Barnett v. Gottlieb, supra,* an unconditional order for a new trial. The plaintiffs should not be allowed, in

the event of an appeal from an order granting a new trial *nisi,* to speculate upon their chances, and, after the affirmance of the order, recover a judgment for the amount which they had an opportunity to accept before the appeal, rather than allow the defendants the new trial theretofore ordered, in the event of the failure to remit. *Beers v. N. Y., N. H. & H. R. Co.,* 89 Conn., 711; 94 A., 919. *Swett v. Gray,* 141 Col., 63; 74 P., 439, 441. *Winningham v. Philbrick,* 56 Wash., 38; 105 P., 144, 145.

If I am correct in above conclusions, a new trial should unconditionally follow the affirmance of the order on the plaintiffs' appeal without the necessity to consider defendants' exceptions.

If the plaintiffs' option to remit survives their failure to show error on appeal, then it is necessary to consider defendants' exceptions as to the amount which the plaintiffs should be required to remit, and in that view of the case I would concur in the judgment pronounced by Mr. Justice Cothran. It is proper for this Court, in reviewing the defendants' appeal from the judgment to permit the plaintiffs in whose favor the verdict on judgment was rendered, to avoid the granting of a new trial on account of error affecting only a part thereof by entering a remittitur as to such erroneous part, when, as in this case, the Court can clearly distinguish and separate the same. *Blowers v. Ry.,* 74 S. C., 221; 54 S. E., 368. *Anderson v. W. U. Tel. Co.,* 85 S. C., 253, 258; 67 S. E., 232, 477. *Hansen v. Boyd,* 161 U. S., 411; 16 S. Ct., 571; 40 L. Ed., 746. But inasmuch as the disposition of the plaintiffs' appeal operates to destroy this option to remit, the case should be remanded to the Circuit Court unconditionally for a new trial.

MR. CHIEF JUSTICE GARY concurs.