235 S.C. 239 (1959)
111 S.E.2d 13
Ex Parte J. Ernest WESSINGER, Petitioner.
SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Plaintiff,
v.
J. Ernest WESSINGER, Respondent, in which J. Ernest Wessinger is Appellant.
17582
Supreme Court of South Carolina.
November 10, 1959.
*240 *241 Messrs. Roy A. Powell and Melton Kligman, of Columbia, for Appellant.
Messrs. Daniel R. McLeod, Attorney General, and William H. Smith, Jr., Assistant Attorney General, of Columbia, for Respondent.
November 10, 1959.
STUKES, Chief Justice.
This is an appeal from refusal of a petition for permission to appeal, after time, from a condemnation award.
Such an appeal is allowed by Section 33-139 of the Code of 1952, as amended by Act No. 280 of 1953, 48 Stat. 355, *242 which provides: "Notice and grounds of appeal shall be served by mail or otherwise upon the State Highway Department within twenty days after the receipt of the resolution of the condemnation board."
The condemnation was of farm land of appellant which is necessary for the construction of a section of U.S. Highway 76. Public hearing was held on December 12, 1956 by the condemnation board, at which appellant appeared, testified and was represented by counsel. By its resolution of that date $8,000.00 was awarded to appellant as damages. The resolution was sent to the appellant by registered mail and he signed the return receipt on December 18, 1956. A copy of it was mailed to his attorney on or about the same date. Appellant served by registered mail his notice and grounds of appeal upon the Highway Department on January 10, 1957, as shown by the return receipt card. It is seen that the service upon the department was two days too late to comply with the statute. On April 10, 1957 appellant served upon the department his petition to be allowed to appeal. The grounds of it were that:
1. The Highway Department and the Board of Condemnation were put on notice at the conclusion of the hearing of appellant's intention to appeal from the award by appellant's attorney, quoting from the petition, "who advised the board that in the event an additional substantial amount (above $8,000.00) was not awarded to the Petitioner that said award would be appealed";
2. Section 10-465 of the Code is applicable and it provides, quoting, "When the service is made by mail double the time required in cases of personal service shall be given";
3. No tender of the amount of the award was made to the petitioner which was in violation of Code Section 33-138 which provides: "Upon the resolution of the condemnation board fixing the amount of the compensation and damages in any case, the State Highway Department shall tender payment, by check or otherwise, for the amount so fixed";
*243 4. The award was inadequate under the evidence and if petitioner is not allowed to appeal he will be deprived of the right of trial by jury and constitutional due process; it would unjustly enrich the Highway Department and would not be in furtherance of justice.
The first ground cannot be sustained for two reasons. First, the statute, quoted in part above, clearly contemplates a written notice of appeal. How else could it be mailed? It was observed in Barnwell v. Marion, 56 S.C. 54, 33 S.E. 719, that oral notices of appeal are of no effect. A parallel provision of the Code of Civil Procedure, Sec. 10-461, requires, quoting, "Notices shall be in writing", etc. Second, the contended oral notice was conditional at best, and referred to the future. The award had not then been made, much less the resolution served; there was no resolution (award) in existence from which to appeal at the time of the claimed oral notice of appeal.
Referring to ground 2, Sec. 10-465 is another provision of the Code of Civil Procedure which we do not presently decide is applicable to condemnation proceedings; we merely grant that it is for the purpose of this decision. The receipt by appellant of the resolution of the condemnation board (the words of Sec. 33-139, quoted above) cannot be regarded as service by mail and subject to the double-time statute (Sec. 10-465) because of the wording of the statute. It fixes the beginning of the running of the twenty-day limit at the receipt of the resolution. It is undisputed that appellant received and receipted for the resolution more than twenty days before he served upon the Department his notice and grounds of appeal. In this view, which we think is sound, he is not in position to invoke Sec. 10-465 which applies to service by mail. Soon after the adoption of the code it was held in Sullivan v. Speights, 12 S.C. 561, with reference to the service of exceptions (the equivalent of a notice of appeal) that the double-time provision in case of service by mail (now Sec. 10-465) is intended for the benefit of the party upon whom the service *244 is made, and not the party making the service. In this case appellant is the latter. An analogous case to this is Priester v. Priester, 131 S.C. 284, 127 S.E. 18, where the double-time statute was held to be inapplicable to the written acknowledgment of service of notice of filing of the decree which was sent by mail. The acknowledgment of receipt made it the equivalent of personal service; here appellant received the resolution and signed receipt for it. The Priester case was cited with approval in Ward v. Miller, 230 S.C. 288, 95 S.E. (2d) 482.
Turning to ground 3, the statutory requirement of tender of the award (Sec. 33-138) is quoted above. It is noted that the effectiveness of the condemnation is not made dependent upon the tender; indeed, the companion sections indicate the contrary, and Sec. 33-140 presumes refusal of tender by the landowner in case of appeal. It provides: "But in case of an appeal by a property owner, the Department may immediately, after tendering to the owner the amount of the award, proceed with the contemplated work. In such case the Department shall set aside the amount of the award, which shall be held intact pending the outcome of the appeal." Moreover, appellant waived any right to tender of the award by his attempted appeal.
The fourth ground, or grounds, of appellant's petition consist of generalities which were not separately noticed in the order under appeal but it was recited that they were considered and overruled. Likewise, we find no merit in them.
In his brief on appeal appellant concedes the constitutionality of the condemnation process, citing Jennings v. Sawyer, 182 S.C. 427, 189 S.E. 746, and pinpoints his position as follows:
"The appellant, however, does contend that the fact that the Resolution of the Board of Condemnation which is notification of the award does not give notice on the face thereof of his right of appeal and more important, does not set forth *245 that said award shall be final unless it be appealed within a prescribed time. It is this point which appellant alleges that he has been deprived of his property without due process of law and without just compensation being made therefor."
No authority is cited which supports this novel position and we know of none. Not only was appellant charged with knowledge of the law (the condemnation statutes, which are plain, complete and unambiguous) but he was represented by counsel at the hearing, testified and offered other evidence. There is no contention that the resolution of the Board did not meet the simple requirements of the statutes.
Although not expressly pleaded in his petition, appellant invokes in argument Sec. 10-1213 of the Code which provides: "The court may, in its discretion * * * relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect", etc. If that section applies to this proceeding, which we do not decide, no abuse of the court's discretion has been shown; indeed, there is no claim of abuse of discretion in any of appellant's several exceptions. The excuses offered are that the resolution did not on its face show that an appeal would lie, and the limitation of time upon the right, of which appellant was ignorant; and that the Christmas and New Year's holidays fell within the twenty days. As noted above, a copy of the resolution was also furnished at the time to the counsel who represented appellant at the hearing. As was said in Morgan v. State Farm Mut. Ins. Co., 229 S.C. 44, 91 S.E. (2d) 723, 725, "Neglect is shown, but no excuse for it." See also, Simon v. Flowers, 231 S.C. 545, 99 S.E. (2d) 391.
Affirmed.
TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.